## Lee Pritchard v. The State.

### No. 4737.   Decided December 5, 1917.

**1.—Theft Under Fifty Dollars—Statement of Facts—Charge of Court.**

In the absence of a statement of facts objections to the charge of the court can not be considered on appeal.

**2.—Same—Evidence—Bill of Exceptions.**

In the absence of a bill of exceptions objections to the evidence can not be considered, on the grounds set forth in the motion for new trial.

**3.—Same—Misconduct of Jury—Presumption.**

In the absence of a statement of facts, allegations in the motion for new trial that the jury in their retirement discussed the fact that defendant was in possession of the alleged stolen property, and failed to explain such possession can not be considered, and it must be presumed that the court's order overruling the motion imports a finding to the contrary.

Appeal from the County Court of Eastland.   Tried below before the Hon. Joe Burkett.

Appeal from a conviction of misdemeanor theft; penalty, five days in jail, and a fine of fifty dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was convicted of a misdemeanor theft under $50.

We find no statement of facts, and are, therefore, not apprised of the evidence. The only bill of exceptions found complains of the court's charge, and in the absence of knowledge of the facts we are

unable to determine that there was error in submitting the issues. Vernon's C. C. P., art. 844, p. 812, note 5, and cases cited.

The motion for new trial refers to some evidence which it is claimed was inadmissible. In the absence of bill of exceptions this matter is not before us for review. C. C. P., art. 774, Vernon's C. C. P., p. 527, notes 1 and 2, and cases cited. In the motion for new trial is an allegation that the jury in their retirement discussed the fact that appellant was in possession of the alleged stolen property and failed to explain such possession. This is supported by an affidavit of one of the jurors, and there is an allegation in the motion that this discussion was not based upon evidence introduced on the trial, referring for a verification thereof to the statement of facts. A statement of facts, as above stated, is not before us. The motion states that "there is no affirmative evidence in the record showing that appellant was in possession of the property at the time he was arrested." If there was proof that he was in possession of it at any time after it was stolen such possession would have been a lawful subject for consideration by the jury. As presented, we are unable to reach the conclusion that the jury received evidence in its retirement. The court's order overruling the motion imports a finding to the contrary. The record shows no abusive discretion in overruling the motion.

The judgment of the lower court is affirmed.

*Affirmed.*