### J. S. PHILLIPS V. THE STATE.

No. 9266.   Delivered June 11th, 1925.

Rehearing denied March 10, 1926.

**1.—Collecting Fees Not Allowed By Law—Indictment—Motion To Quash —Properly Overruled.**

Where, on a trial for collecting and receiving fees of office not allowed by law, the indictment followed the approved form, and contained those elements set out in the statute, a motion to quash the indictment was properly overruled.

**2.—Same—Charge of Court—Peremptory Instruction—Properly Refused.**

Where the evidence discloses that appellant's guilt is practically undisputed, as set out in the second count of the indictment, being the count under which the conviction was found, the trial court very properly refused to instruct the jury to return a verdict of not guilty.

**3.—Same—Evidence—Properly Rejected.**

Where appellant was on trial for illegally collecting a fine, or money which he was not entitled to receive as justice of the peace, his testimony which he offered to give to the effect that he made similar collections before, was properly excluded. The fact that he had violated the law in other instances would be no justification for its infraction in the case on trial.

**4.—*Same—Evidence—Properly Excluded.***

Where, on a trial for illegally collecting a fine, appellant offered to testify that he was then willing to pay over money so collected to whoever had the authority to receive it, such testimony was properly excluded. The appellant was not to be judged by his intent or purpose while on trial, but by his conduct and intention at the time the alleged offense was committed.

**5.—Same—Evidence—Hearsay—Properly Excluded.**

Where appellant offered to prove by the mayor of Electra that he had received complaints from the residents of Electra with reference to people parking their cars off the highway around Electra, such hearsay

testimony was properly excluded. There is no law in this state denying to the citizens of Texas the right to quietly park a car along the public highway.

#### 6.—Same—Evidence—Of Custom—Properly Excluded.

There was no error in the court refusing to permit appellant to prove that it was customary for the city court, and justice court to collect partial fines and give the defendants time to pay the balance. Under the facts in this case, as disclosed by this record, this testimony was properly rejected. A defendant generally cannot be heard to invoke a custom to justify a violation of a plain and unambiguous statute.

#### 7.—Same—New Trial—Misconduct of Jury—Properly Refused.

It has been repeatedly held by this court that when a question of fact is raised by evidence touching alleged misconduct of the jury on the hearing of the motion for a new trial, the trial court is the proper tribunal to pass on this issue of fact, and unless the record shows that his discretion has been abused, his ruling with reference thereto, will not be disturbed.

ON REHEARING.

#### 8.—Same—Statement of Facts—Practice On Appeal.

On rehearing our attention is directed to the fact that the statement of facts in this record, was not authenticated by the trial judge, and was not entitled to our consideration. Our original opinion was written upon the assumption that the statement of facts was entitled to our consideraion. In the absence of a statement of facts we are unable to determine the merits of the bills of exception complaining of the rejection of proffered testimony.

#### 9.—Same—Misconduct of Jury—Not Established.

On re-examination of the record we must adhere to our original opinion—holding that the misconduct of the jury complained of by appellant was not sustained by the evidence, and the court having passed upon this issue of fact, we find no reason to disturb his determination, and the motion for a rehearing is overruled.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for collecting and receiving fees of office, not allowed by law, penalty to two years in the penitentiary.

The opinion states the case.

*B. W. Tipton* of Electra, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the state.

BERRY, JUDGE.—The appellant was convicted in the District Court of Wichita County for the offense of wilfully collecting and receiving fees of office not allowed by law, and his punishment assessed at confinement in the penitentiary for a term of two years.

The evidence is amply sufficient to support the verdict. The facts show that the appellant was a justice of the peace, and as such approached a young man and young lady parked by the side of the road near the city of Wichita Falls and whom the facts show were not violating any law known to the statutes of Texas and charged them with violating the law and on the next day thereafter accepted from the young man involved $7.00 and appropriated the same to his own use and benefit.

Bill of exception No. 1 complains at the court's action in refusing to quash the indictment. This motion to quash was properly overruled; the indictment follows the approved form and charged an offense against the laws of Texas.

The second bill complains at the court's action in refusing to instruct the jury to return a verdict of not guilty on the second count in the indictment, the one on which the appellant was convicted. The evidence is not only amply sufficient to support this count but it is practically undisputed that appellant was guilty thereunder.

Bill No. 3 complains at the court's action in refusing to permit the appellant to testify that he could show the jury on his docket many instances where he had collected fines similar to this one and when he had collected a number of them, he would then make a report to the county auditor. This testimony was not admissible. The fact that he had violated the law in other instances would be no justification for its infraction in this case.

By bill No. 4, complaint is made at the court's action in refusing to allow the defendant to testify that he was willing to pay over this money to whoever is the proper authority to receive it. This testimony was properly excluded. The defendant was not to be judged by his intent or purpose while on trial but was properly tried on his conduct and intentions at the time the alleged offense was committed.

What has just been said also disposes of bill of exception number five.

Bill No. 6 complains at the court's action in refusing to permit the witness Calvert to testify that while he was mayor and city recorder of Electra, that he received complaints from

the residents of Electra with reference to people parking their cars off the highway around Electra. This testimony was properly excluded. It may be said in passing that the right to quietly park a car along the public highway is one that has not yet been denied to the citizens of Texas, and the fact that some person or persons may complain at this conduct fails to justify a justice of the peace in including it in the category of criminal offenses.

Bill No. 7 complains at the court's action in refusing to permit the witness Calvert to testify that he was familiar with the practice of collecting and paying out fines in precinct No. 4 of Wichita County, and that it was customary for the city court and justice court to collect partial fines and give the defendants time to pay the balance. Under the facts in this case, as disclosed by this record, this testimony was properly rejected. A defendant generally cannot be heard to invoke a custom to justify a violation of a plain and unambiguous statute, and the facts in this case do not bring it within any exception to this rule.

The testimony of the witness Murchison was admissible for the purpose of contradicting the testimony given by appellant while a witness in his own behalf.

By bill No. 9 appellant complains at the misconduct of the jury. We have carefully considered this bill and have reviewed the facts testified to by the jurors on the hearing on the motion for new trial, and it is manifest that the evidence touching the question of misconduct was very materially conflicting and that there was entirely sufficient evidence introduced on this motion to justify the court in believing that no misconduct occurred. It has been repeatedly held that when a question of fact is raised by evidence touching alleged misconduct of the jury, the trial court is the proper tribunal to pass on this issue of fact, and unless the record shows his discretion has been abused, his ruling with reference thereto will not be disturbed. A review of the facts in the instant case convinces us that there was no abuse of the trial court's discretion in refusing the motion for a new trial because of the alleged misconduct of the jury.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The offense is extortion as defined in Article 363, Vernon's Tex. Crim. Stat., Vol. 2, and in Art. 365, Penal Code, 1925. The indictment appears in accord with Wilson's Crim. Forms, No. 174.

The specific averment is in substance that the appellant, a justice of the peace, authorized to demand and receive fees of office, did unlawfully, wilfully and knowingly extort, collect and receive from J. C. Andis the sum of seven dollars, not authorized by law, by falsely representing to the said Andis that he was charged with an offense, namely, parking in a public road without lights, when in truth there was no such offense and there were, in fact, no charges against him. The evidence showing the transaction is not in dispute. Andis, in company with a young lady, was riding upon the public road in an automobile and drove to a point near but off the public road. They stopped the car and turned out the lights. Appellant accosted Andis and told him that he was under arrest; that he had committed an offense; that his fine and that of the lady who was with him would each be $14.40. Andis protested that he had no money but promised to appear on the following day, which he did. A constable who was with the appellant at the time of the arrest gave the assurance that he believed that Andis would appear. Andis gave the appellant a check for $28.80 and promised to take up the check by paying cash as soon as possible. He did pay seven dollars at the time of the delivery of the check. Appellant told him in substance that he was charged with an offense and that the case would be tried unless payment was made. No report of the collection of the fees was made by the appellant, nor was any complaint filed against Andis; nor any cases docketed against him; nor was the act with which he was charged an offense against any of the laws of the state.

At the time the original opinion was written, our attention was not drawn to the fact that the statement of facts was not authenticated by the trial judge and was not entitled to consideration. The case as originally written was disposed of upon the assumption that the statement of facts was in a condition for consideration. In the absence of a statement of facts

which can be considered, we are unable to determine the merits of the bills of exception complaining of the rejection of proffered testimony by the appellant.

Appellant seems to have urged as a defense that he intended to enter the charge against Andis, but refrained from doing so until Andis had paid in cash the full amount of the check; that this was the custom pursued by him with the knowledge of the prosecuting officer. This, however, seems to have been controverted by the prosecuting officer.

Appellant seems to have urged as a defense that he intended to enter the charge against Andis, but refrained from doing so until Andis had paid in cash the full amount of the check; that this was the custom pursued by him with the knowledge of the prosecuting officer. This, however, seems to have been controverted by the prosecuting officer.

Appellant also sought to introduce evidence to the effect that there had been complaints brought to his attention of people parking along the public road and drinking intoxicants and there creating annoyance, but he makes no contention in the present case that the parties arrested were doing any unlawful thing or had any whiskey or other intoxicants in their possession.

We fail to see, in either of the matters mentioned, how the proffered testimony would have availed him. Moreover, it seems that he had been informed it was not within his province to make an arrest or to collect fines from persons because they had merely parked their cars and turned out their lights upon the public road.

This much has been stated in view of the fact that the merits of the case were discussed upon the original hearing upon the idea that there was a statement of facts. Had we discovered or had our attention been called to the true condition of the record, we would have refrained from discussing the bills of exception on the original hearing for the reason herein above stated, that in the absence of the statement of facts, no question was presented which we would have been able to intelligently review. We will add that our re-examination of them leads us to the conclusion that if the record was complete, the matters of procedure, that is, the rulings of the court upon the admission and rejection of evidence, present no error.

The same may be said in a measure of the bill complaining of the misconduct of the jury. The evidence heard upon that

issue is before the court, but in the absence of knowledge of the evidence which was given upon the trial of the case, it is not practicable to determine whether the matters complained of were, in fact, a transgression of the law nor whether they were material.

Some of the evidence relates to telephone conversations by jurors after they were impaneled. These seem to have been under circumstances which were not illegal. They were authorized by the court and had no reference to the case.

During the deliberation, one of the jurors, in the interest of the appellant, referred to the fact that other officers had been guilty of conduct similar to that with which the appellant was charged and that there was in his mind an objection to the conviction of the appellant; that others equally culpable had not been convicted. This is what the record shows, if we understand it. In reply to this, an argument took place between Craft, who made the suggestion, and one of the other jurors. During this discussion mention was made of what they had heard about the "county cases." We gather from other parts of the evidence that some one was killed. Just what the details with reference to these matters were we are not advised; nor can we say from the testimony that it did not relate to matters that were adduced upon the trial.

Appellant seems to have defended upon the ground that his conduct was not different from that of other officers in the vicinity.

The motion for rehearing is overruled.

*Overruled.*