## GOODNER WHOLESALE GROCERY CO. v. PEOPLE'S CO-OP. STORES.
(No. 11429.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 27, 1926. On Motion to Bring up Statement of Facts, April 10, 1926.)

**1. Appeal and error** ⟐⟹569(2).

Statement of facts, not signed or approved by trial judge, cannot be considered by appellate court, in view of Rev. St. 1911, art. 2068.

**2. Appeal and error** ⟐⟹907(3).

In absence of authorized statement of facts, appellate court must assume that evidence in favor of defense pleas rendered peremptory instruction proper.

On Motion to Bring up Statement of Facts.

**3. Appeal and error** ⟐⟹537—Appellate court may not permit statement of facts filed out of due time to remain part of record or consider same, in absence of showing of freedom from fault or laches of appellant (Rev. St. 1925, art. 2245; Court of Civil Appeals rules 1, 22).

Appellate court may not permit statement of facts filed out of due time to remain as part of record or consider it in hearing or adjudication of cause, in absence of showing that failure to file in due time was not due to fault or laches of appellant or his attorney, in view of Rev. St. 1925, art. 2245, and rule 22 of Court of Civil Appeals, notwithstanding rule 1.

**4. Appeal and error** ⟐⟹571—Motion to compel approval of statement of facts made after submission will be overruled, in absence of showing of diligence (Court of Civil Appeals rule 22; Rev. St. 1925, art. 2245).

Motion to have trial judge approve and sign statement of facts will be overruled where made after submission, in absence of showing that failure to have statement approved was due to no fault or laches of appellant or his attorney, or that attorney made effort to see that transcript of record had been properly made out, in view of rule 22 of Court of Civil Appeals, and Rev. St. 1925, art. 2245.

**5. Appeal and error** ⟐⟹571—Affidavit in support of motion to compel trial judge to sign and approve statement of facts held not to show that failure to sign was due to uncontrollable cause, unmixed with want of due care and diligence.

Affidavit in support of motion to compel trial judge to sign and approve statement of facts after submission, stating that statement after signature of attorneys was presented to clerk for court's signature, but through some error was forwarded with transcript without that signature, and that appellant's counsel relied upon records being properly handled through regular channels, held not to show that failure of judge to sign statement was due to uncontrollable cause, unmixed with want of due care and diligence of appellant or his attorney.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by the Goodner Wholesale Grocery Company against People's Co-Operative Stores and others. From a judgment against plaintiff, and in favor of all defendants except one, plaintiff appeals. Affirmed, and motion to bring up statement of facts overruled.

Elmer Graham, of Houston, for appellant. S. A. Penix, Binkley & Binkley, and Marshall & King, all of Graham, for appellee.

CONNER, C. J. This suit was instituted in the district court of Young county by the Goodner Wholesale Grocery Company, a corporation with its office and place of business in Wichita Falls, Tex., against the People's Co-Operative Stores, alleged to be a joint-stock company operated under a recorded declaration of trust at Graham, Young county. H. F. Sears, and a number of other persons, alleged to have been trustees and stockholders in the People's Co-Operative Stores, were also made parties defendants, on the ground that they were partners, and that the trustees, as managers and agents of the stockholders named, had purchased certain merchandise for which the association through its trustees had executed a promissory note for $1,785.51, which was declared upon, and on which the plaintiff prayed for judgment.

The various defendants who had been

---

⟐⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made parties answered by verified pleas of non est factum and denials of the partnership.

The record discloses that the trial was before a jury; that one of the defendants who had been alleged to be a stockholder and who had been duly cited failed to answer, and against him the court rendered a judgment for $3,000. As to the other defendants, Mrs. J. R. Wright, C. Fox Clark, and others, the court gave a peremptory instruction in their favor, and judgment was accordingly so entered, and from this judgment the Goodner Wholesale Grocery Company has prosecuted this appeal, and assigns error to the action of the court in giving the peremptory instruction.

[1, 2] The record presents no fundamental error that we can discover, and we find ourselves unable to review the action of the court, for the reason that we have no statement of facts before us which we can consider. What purports to be a statement of facts is found with the record. It has been agreed to by counsel for both plaintiff and defendants, but it has not been signed nor approved by the trial judge, as required by Rev. Statutes 1911, art. 2068. It cannot therefore be considered. See First National Bank v. Henwood (Tex. Civ. App.) 183 S. W. 5. and authorities therein. In the absence of an authorized statement of facts, we must assume that the evidence in favor of the defensive pleas was such as to render the peremptory instruction entirely proper.

## On Motion to Bring up Statement of Facts.

[3] In a motion therefor appellant prays in effect that this court issue its order to the trial judge to consider the statement of facts which has been agreed to, and, if found to be correct, to duly approve and sign the same, or, if not correct, to make out and sign a proper statement of facts which may be filed in this court. It appears from the allegations of the motion that the statement of facts has been presented to the trial judge, and, that he has refused to sign the same, it being alleged that his refusal is based upon the ground that the jurisdiction of this court has attached, and that he has no power to do so, and the question necessarily arises whether in any event it will be proper for us to grant the prayer of the motion.

As early as the decision in McGuire v. Newbill, 58 Tex. 314, under the statute then in force, it was said, quoting from the headnote, that—

"When the statement of facts is not made up, signed and filed during the term, it must be made up, signed and filed within ten days after the adjournment of the term, and the record must show an order made during the term which permits the filing after its adjournment. No provision is made by statute for any relaxation * * * or excuse whatever."

This case was expressly referred to and approved in the case of Ross v. McGowen, 58 Tex. 603,

In the case of H. & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S. W. 369, our Supreme Court, in an opinion by the lamented Justice Ramsey, said:

"After a cause is once submitted upon a transcript supposed to be correct, as the parties have made no objection to it, and we have decided it upon such transcript, we cannot undertake to re-examine such cause because the counsel for either party discovers a defect in the transcript, which, if supplied, might possibly lead us to a different conclusion. A mistake in the pleadings or facts of a single word might influence the decision. Thus discovered and remedied, a new opinion framed to suit the altered record might itself be set aside upon the discovery of some other error; and so on to numberless changes in the transcript and the decisions upon it. This practice cannot, of course, be allowed, and to prevent it the right to a certiorari must be limited to some point in the proceedings, which must not extend beyond the date of the submission of the cause to the court for decision. Indeed, this has been the rule of this court announced in frequent opinions of our predecessors, which, having been orally delivered, may not have come to the knowledge of the profession generally."

And it was held that the rule declared in the case of Ross v. McGowen, supra, should be the rule governing the courts thereafter.

Rule 22 for the Courts of Civil Appeals, among other things, expressly declares:

"All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

In the case of Fowler v. State, 71 Tex. Cr. R. 1, 158 S. W. 1117, it appears that Fowler was prosecuted and convicted of murder in the first degree, and his punishment assessed at death. Our Court of Criminal Appeals refused to consider a statement of facts and bills of exception, filed out of time, and affirmed the judgment of conviction.

Should we adhere to the rule so clearly stated and so long followed it is quite clear that we would not now be authorized to consider the statement of facts, even if it should now be presented with the judge's signature and approval attached thereto. It seems, however, that the strictness of rule 22, above quoted, has been modified in the case of Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441. That was a case in which on an appeal from the county court the record failed to contain the transcript of the justice court, in which the case was originally tried, and the Court of Civil Appeals set aside the judgment on the ground that the jurisdiction of the court a quo did not appear, and hence the case was reversed, with direction to dismiss the cause from the coun-

'ty court, unless its jurisdiction was made to appear. In this condition of the record, a motion was filed in the Court of Civil Appeals for a writ of certiorari to bring before that court the justice's court transcript, which it was alleged had in fact been sent up to the county court. On certification to the Supreme Court of the question of whether the writ of certiorari should be granted after the judgment of reversal, that court held, in an opinion by Chief Justice Phillips, that rule 23 conflicted with rule 1 enacted for the government of Courts of Civil Appeals; that under rule 1 appellant was entitled to an opportunity to perfect the record so as to evidence the court's jurisdiction before the appeal was disposed of, whereas under rule 22 it was incumbent upon him to discover the omission, and his right to supply it was lost upon the submission of the case in the Court of Civil Appeals. It was held that under this state of conflict the question should be resolved in favor of the appeal, and hence that the writ of certiorari to correct the record should be granted, and it would seem that the rule indicated by Chief Justice Phillips in the opinion just cited was adopted, in part at least, by legislative enactment in the Revised Civil Statutes of Texas 1925. Article 2245 thus reads:

"Whenever a statement of facts has been filed after the time prescribed by law, and the party tendering the filing of same shall show to the satisfaction of the appellate court that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time prescribed by law for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the appellate court shall permit said statement of facts to remain as part of the record and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time."

[4, 5] Without stopping to point out distinguishing features of the cases we have cited, and adopting the most liberal interpretation of the rule and law as indicated in the article of the statutes just quoted, we think it clear that the motion now before us should be denied. The recent statute is plainly to the effect that, whenever a statement of facts has been filed after the time prescribed by law the party tendering the filing of the same shall show to the satisfaction of the appellate court that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time prescribed by law for filing the same. Not only so, but that his failure to file the same within due time is not due to the fault or laches of the party appealing or his attorney, and that such failure was the result of causes beyond his control. It is only under such conditions

that an appellate court may permit such statement of facts filed out of due time to remain as part of the record or consider the same in the hearing and adjudication of said cause.

In the case before us there is no attempt to show that the judge's failure to sign the statement of facts under consideration was the result of causes beyond the control of appellant, or that such failure was not due to the fault or laches of appellant or his attorney. In the motion under consideration the appellant presenting it states "frankly" that as a practicing attorney for ten years he "was perfectly familiar with the laws of this state and the rules of this court requiring that all statements of facts be signed and approved by the judge of the trial court. * * * That said attorney would frankly state to this court that he is absolutely at a loss to account for the fact of the statement of facts reaching this court in the instant cause without the statement of facts being approved by the trial judge. * * * That he does not recall definitely the course that was followed in regard to sending up the record in this case as contemporaneously the said attorney of record was perfecting appeals, looking after the appeals in other cases, some of which have been disposed of by this court. * * * That the question and answer records were prepared and the statement of facts prepared by the court reported in the lower court, and delivered to attorneys for signature, and same were deposited either by said court reporter or your said attorney of record with the clerk of the trial court for signature and approval of the trial judge. * * * It was the intention and purpose of appellant following the uniform rule and custom of your attorney of record to have the same signed by the judge of the trial court in said clerk's office before the same was forwarded to this honorable appellate court. That through some error or oversight on the part of said clerk said record was forwarded with the transcript without the signature of the trial judge. That said error was through an oversight, and was caused by no willful omission on the part of the said clerk or the judge of said trial court, and through no negligence on the part of the said appellant or said attorney of record, as they were entitled to rely upon the record being properly handled through the proper channels and in regular course. * * * That the omission of the judge's signature of the trial court was first called to appellant's attention and its attorney of record at the time this honorable court handed down its opinion herein. That your said appellant and its said attorney of record were entitled to rely, and did rely, upon the facts of the record having gone through the regular legal channels, and that it had been properly prepared and dispatched to this honorable court, and your said ap-

pellant was entitled to rely thereon, and was not negligent, and exercised ordinary care and diligence in the premises," etc.

We are not disposed to so depart from rule 22 specifically requiring counsel for litigants to see that the transcript and record has been properly made out, and from the former rulings of our highest court as to wholly omit the requirement of an examination of the record before its presentation in this court, and to thereafter permit a litigant to perfect the record and have it submitted and determined without such examination, trusting to the care and diligence of the clerk to fulfill the requirements of the law. Whatever else may be said, the showing made in the motion before us has not satisfied this court that the failure of the judge to sign the statement of facts was due to any uncontrollable cause, unmixed with a want of due care and diligence on the part of those charged with the responsibility of seeing that the record is here properly presented for filing and consideration.

The motion is overruled.