CHARLES E. BLEDSOE v. THE STATE.

No. 12089.   Delivered December 19, 1928.

The opinion states the case.

No brief filed for appellant.

A. A. Dawson of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, nine years in the penitentiary.

The facts in this case are sufficient to support the jury's conclusion of guilt.   We see no good to come of a recital of same in detail.   We find in the record one bill of exceptions taken to the refusal of the trial court to grant a new trial sought on the ground that the verdict was the result of misconduct of the jury.   The specific thing complained of was that after the jury arrived at their verdict of guilt, they reached an agreement as to the term of years of confinement by each man setting down the amount he thought appellant ought to have and dividing that by twelve.   Upon the presentation of the motion for new trial the court heard testimony of a number of the jurors.   In substance they testified that after discussing the case for a while, it was suggested that each juror set down the amount he thought appellant should receive and that the sum total of such amount be divided by twelve.   There was no agreement before this was done to be bound by the result.   After the result was obtained there was objection on the part of some of the jurors to same as being too little, and on the part of others as being too much.

After discussing the matter sometime further, the testimony seems all in accord as showing that there was a final agreement upon nine

years. The fact that the setting down of the various amounts and the division of the sum thereof by twelve gave a quotient of nine, would not be error unless it be further shown that prior to such action there was an agreement on the part of the jury to be bound thereby. Pruitt v. State, 30 Tex. Crim. App. 156. The opposite appears to be true in this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*