Daniel J. Dennehy, alias Daniel J. Donovan, alias Daniel J. Kennedy v. The State.

No. 13604.    Delivered October 8, 1930.
Reported in 31 S. W. (2d) 639.

The opinion states the case.

*L. M. Kenyon* and *L. M. Gernsbacher,* both of Galveston, for appellant.

*Owen D. Barker,* County Attorney of Galveston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, robbery with firearms; penalty, ninety-nine years in the penitentiary.

No statement of the facts given on the main trial appears in this record.   In appellant's motion for new trial complaint is made of certain jury misconduct.   A hearing was had on this motion and the testimony given pro and con has been incorporated in what purports to be a statement of facts.   We note that the transcript shows that notice of appeal was given on February 3, 1930, and court adjourned on February 10, 1930.   This purported statement of facts was not filed until June 10, 1930, which was too late for consideration.   Art. 760, C. C. P.   Even if this had been filed in time, this Court cannot pass on a question of jury misconduct of the character mentioned therein in the absence of a statement of the facts proven on the main trial.   The allegations of misconduct relate in most part to reception of evidence by the jury not proven on the

trial and to the discussion by the jury of appellant's failure to testify. Without a statement of facts we are of course without information as to whether these matters were improper. For authorities see Phillips v. State, 103 Tex. Crim. Rep. 358; Pritchard v. State, 82 Tex. Crim. Rep. 219; 4 Tex. Jur., Paragraph 173; Vernon's Tex. C. C. P., Art. 760, Note 6.

We note that with this record is a short statement in question and answer form, to which is attached an agreement by the attorneys that it contains all the reference which was introduced in the trial of the said cause as to the appellant being wanted in any other place for any other offense. This agreement appears to have been made June 3, 1930. It is in question and answer form without any certificate of the judge that such was necessary in order to elucidate the question involved. It cannot be considered. 4 Tex. Jur., Paragraph 273. Moreover, the date it bears indicates that it was agreed to and approved more than a hundred days after the adjournment of court.

Finding no questions in the record which are entitled to consideration, and the indictment appearing to charge an offense and the conviction to be regular on its face, we affirm the judgment.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.