GEORGE PAPAGEORGE v. THE STATE.

No. 14962.  Delivered February 24, 1932.
Appeal Reinstated April 13, 1932.

The opinion states the case.

*J. D. Todd, Jr.,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor swindling; punishment, a fine of $50 and thirty days in the county jail.

The prosecution in the case before us appears to rest upon an information. There is no complaint in the record. Our statute requires that before an information is presented an affidavit must be duly made, and that both the affidavit and information appear in the record upon appeal. No affidavit being before us, we are of opinion the prosecution cannot be maintained upon the information alone. Stubblefield v. State, 94 Texas Crim. Rep., 445, 252 S. W., 563.

The judgment will be reversed and the posecution ordered dismissed.

*Dismissed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The state moves for a rehearing, and files with the motion a certified copy of the complaint upon which the information herein was based, which seems to have been omitted from the transcript originally through inadvertence of the officers of the trial court. Since the case was reversed only for lack of such complaint, we now consider the appeal upon its merits.

We find in the record neither bills of exception nor complaint of anything occurring during the trial, save that in his motion for new trial appellant set up that he did not have a fair and impartial jury, and that the jury arrived at their verdict by lot. Upon presentation of the motion for new trial the court below heard evidence, which was preserved and appears here in the form of a statement of facts. Three of the six jurors testified. None of them supported appellant's proposition. In order to bring a verdict within the objection that it was obtained by lot, it must be shown that there was an agreement among the jurors before such proceeding, to be bound by the result. No one of said jurors testified that such was the case, but all of them denied it. When the jury retired they at once voted unanimously that appellant was guilty. After some discussion from which it appeared that there was a difference of opinion as to the amount of punishment, some one suggested that each man put down what he thought the appellant ought to receive as punishment and that it be divided by six, the number of jurors. This seems to have been done, the result appearing to be forty-seven or forty-eight, whereupon some member of the jury suggested that they fix a fine of $50, to which all of them agreed. This was not a violation of the law.

We find nothing in the evidence heard supporting the proposition that appellant was not tried by a fair and impartial jury, nor is there any showing of the fact that any preliminary inquiry was made of any of the jurors which might have elicited the fact that one of said jurors was of opinion that he had seen appellant around the court house at some former time.

Being of opinion that upon consideration of the record as it now stands we were in error in reversing and ordering this case dismissed, the state's motion for rehearing will be granted, the judgment of reversal will be set aside, and the judgment of the trial court will be now affirmed.

*Affirmed.*