## BILL JONES v. THE STATE.

No.15364.   Delivered November 9, 1932.

Reported in 54 S. W. (2d) 145.

The opinion states the case.

*E. B. O'Quinn*, of Marfa, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault with intent to murder; the punishment, confinement in the penitentiary for five years.

In his motion for new trial, appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony before their verdict had been reached or agreed on, and that said evidence so obtained by the jury was not adduced on the witness stand against the appellant. Appellant's bill of exception shows that the testimony complained of had not been received in evidence during the trial. The testimony heard by the court on the motion, as shown by said bill, was in substance as follows: One of the jurors mentioned in the jury room, while the jury was deliberating on their verdict, that he knew of an altercation that said defendant had had with some white men and white boys at a ball game in Marfa, Texas, some time prior to the date of the alleged offense for which this conviction was had, and the defendant was a bad and dangerous nigger. After the statement had been made, the foreman stated

to said juror, "Don't make any statement," and told the other jurors that they could not lawfully consider matters as those then being mentioned by the juror, and thereafter there was no further discussion so far as the foreman heard. The foreman of said jury further testified that such discussion did not affect him in arriving at his verdict, but that he could not swear that such discussion did not influence or affect the other jurors in arriving at their verdict and he could not swear that such discussion did not cause any of the jurors who had previously voted for a lower term of years to thereafter vote for the five years assessed against the defendant in this case; that the statement so made by said juror was made after defendant's guilt had been voted on but before said jury had arrived at their verdict as to the number of years to be given said defendant as punishment. The bill further shows that the court heard the testimony of the foreman and five other jurors as to such matters; that the testimony of the other five jurors relative to the said matter was almost word for word the same as the testimony of the said foreman.

We are of the opinion that the learned trial judge fell into error in refusing to grant appellant's motion for new trial. Subdivision 7 of article 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W., 944; L. R. A. 1917E, 1930; Hanks v. State, 99 Texas Crim. Rep., 218, 269 S. W., 106. Appellant's bill of exception showed that the statements made by the jurors concerning appellant's action and reputation had not been received in evidence during the trial of the case, and they were made at a time when the jury had not decided the question as to the number of years that would be assessed against appellant. The statute is mandatory so far as it relates to other testimony, and this ground for new trial is on a different basis and under a different subdivision of the statute from misconduct. When the unsworn "other testimony" is received by the jury, the court will not speculate as to probable injury when it is against the accused. Branch's Ann. P. C., sec. 566, and authorities cited thereunder. See Knight v. State, 66 Texas Crim. Rep., 335, 147 S. W., 268; Blocker v. State (Texas Crim. App.), 61 S. W., 391.

Appellant also complains in his motion for new trial of the jury having decided the case by lot. As the case must be re-

versed for the error above pointed out, we deem it unnecessary to consider said bill in detail as the matter therein complained of is not likely to occur on another trial of the case.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., not sitting.