## C. F. PHILLIPS V. STATE.

No. 24177. December 1, 1948.
State's Rhearing Denied January 12, 1949.

Hon. R. P. Power, Judge Presiding.

*Nat Gentry*, of Tyler, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant pleaded guilty to a violation of the liquor laws in Smith County, and was by a jury given the penalty of a fine of $450.00 and 90 days in jail.

He appeals from such verdict and judgment, and has but one bill of exception in the record which relates to an alleged misconduct of the jury in that it is claimed that the jury arrived at their verdict by lot contrary to Art. 753, C. C. P.

In the testimony taken at the hearing of the motion for a new trial, five of the jurors were interrogated, and all seem to be in fair accord that upon their retirement, they had no trouble in agreeing upon appellant's guilt, he having pleaded guilty. However, they were unable to agree upon the penalty, and for about an hour they discussed the penalty to be affixed, at all times agreeing to a jail penalty as well as a fine. Finally, one member of the jury suggested that they take the amounts of fine and jail penalty suggested by each juror and add them up and then divide the total by the number of jurors. This was done and the average of such amounts was practically the same as their final verdict. However, each juror was certain that prior to such ascertainment, they did not agree to be bound by the quotient result, and this testimony also shows that when the quotient was ascertained, the foreman then asked if anyone wanted to further discuss the matter of punishment, and no one indicated such desire, but all agreed to the verdict here present. The foreman of the jury testified in part as follows:

"Yes; that was an experiment to get some figures that we could settle on; that is, we apparently could not agree otherwise and that method was selected in order to reach some common ground. Yes; the jail-time figured approximately three and a half months; that is, the total jail-time was eighteen and a half months, as I recall, and that divided by six would be three months and some few days and the few days were dropped then from the calculation.

"Yes, as I have testified, I asked each juror if that was the verdict, after we had arrived at it and just before we came into court. I asked them if they were satisfied with that verdict. Yes; it is right that if there had been any dissatisfaction with the verdict I would have proceeded further."

Another juror testified as follows:

"It was Mr. Ward who made the suggestion that the amount

of the fine and the length of time that each juror had in mind be put down and the total divided by six. No; there was not anything said before that was done about the jury being bound by the answer or the result; there was definitely no binding agreement that the figures that were arrived at would be the verdict. I asked that question and made sure that there was no binding agreement as to that being the verdict, but that we would use those figures in arriving at a figure to discuss as to the amount of the fine and the length of the jail sentence."

Again, a further juror testified:

"Yes, we all just simply agreed, on Mr. Ward's suggestion, that we add up the amount of fine and length of jail sentence we favored and total them and divide the totals by six and use that as a basis for a verdict. As to whether I say that I did not intend to be bound by it, I will say that *on* (no) one was *bound by it. Although that was the verdict that we returned,* it was just a suggestion of the way we would come to a conclusion. Yes; we did return that verdict and that was one-sixth of the total. When that was totaled up and divided by six and the result announced, as to whether or not we six men would have backed out of it if it was not satisfactory, I will say that I would have if I DID not think it was fair; I would have backed out of it if I didn't think it was fair; that's right."

Still another juror testified:

"Yes, I recall whether or not any member of the jury suggested that the penalty that each juror had in mind be written up and the total be divided by six. I recall that it was Mr. Ward who made that suggestion. Yes; that was an experiment to get some basis for further discussion if it was not satisfactory. No; there was not any agreement between the jurors to be bound by what the answers, or the result, would be: it was simply used as a basis."

The jury seemed to have been unanimous in their testimony that no agreement to be bound by this quotient was made between them, and none of them considered himself bound to agree to such after it had been ascertained. However, when such a test was made upon question by their foreman, they did agree to the amounts therein shown. Had this contemplated quotient been agreed upon before its ascertainment, same would have been denounced by our decisions as a verdict by lot. See Duncan v. State, 138 Tex. Cr. R. 172, 135 S. W. (2d)

111; Papageorge v. State, 120 Tex. Cr. R. 574, 48 S. W. (2d) 991.

In Grippon v. State, 119 Tex. Cr. R. 243, 44 S. W. (2d) 735, it was said:

"The fact that the members of the jury agree that each shall write upon a paper the number of years' confinement in the penitentiary that he deems appropriate in a given case, and that the aggregate be divided by twelve, the result ascertained will not be classified as a verdict by lot unless it be shown that prior to the experiment the jurors agree that the result should represent the penalty to be assessed. See Hill v. State, 43 Tex. Cr. R. 583, 67 S. W. 506; Keith v. State, (Tex. Cr. App.) 56 S. W. 628; Cockrell v. State, 85 Tex. Cr. R. 326, 211 S. W. 939; Barnard v. State, 87 Tex. Cr. R. 365, 221 S. W. 293; McCord v. State, 105 Texas Crim. Rep. 98, 283 S. W. 1094; Harris v. State, 114 Tex. Cr. R. 647, 26 S. W. (2d) 225; Bledsoe v. State, 111 Tex. Cr. R. 159, 12 S. W. (2d) 227."

See also Branch's Crim. Law, page 534, sec. 844.

We are of the opinion that the record shows that there was no agreement upon the part of the jury to be bound by the quotient to be ascertained by adding up the totals and dividing the same by the number of jurors prior to such quotient finding, and we therefore hold that such verdict was not arrived at by lot.

Thus believing, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant re-asserts his contention that the jury arrived at their verdict by lot and not by any expression of opinion by the jurors.

This question was fully discussed in our original opinion, and many cases were cited in support of the opinion expressed by the court on the subject. We see no need for any further discussion of the question.

The motion for a rehearing is overruled.

Opinion approved by the Court.