## J. M. FLOWERS V. STATE.

No. 26,007. November 5, 1952.

Hon. A. O. Newman, Judge Presiding.

*Gib Callaway* and *Mark Callaway*, Brownwood, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for an aggravated assault and assessed a fine of $500.00 and one year in jail.

Appellant, a man fifty-seven years of age, became involved in a quarrel with a man seventy-seven years of age when they

met on the street in the city of Brownwood. Hard words followed resulting in appellant striking the older man with his fist, knocking him down. As he fell he received some kind of injury which resulted in his death.

The indictment in the case charged murder, without an allegation of malice. The court submitted the case on the theory of murder without malice, aggravated assault and simple assault, together with the defenses raised by the evidence.

The record is before us with one bill of exception which complains of the misconduct of the jury. On his motion for new trial the jurors were brought before the court and testified as to the occurrence complained of. Not all of the jurors gave the same interpretation of the statement made, but it may be summarized in this manner. Someone suggested that he could be found guilty of assault to murder and given a suspended sentence. This suggestion was refused by some of the jurors voting against it. When this was done a juror made a statement that he ought to have some punishment, that he had known the defendant for a great many years and that he was a rough character, or had a bad reputation, or some similar statement. Many of the jurors differed as to the exact words but stated that it was something similar. The foreman of the jury, according to all of the witnesses, cautioned that that was not to enter into the case. The state sought, over the objection of appellant, to prove by different jurors that the remark made by the juror as to the character of defendant had no effect on their verdict. Some jurors answered that it did not, others said that it might have, and some said that it surely did. One juror stated: "I still think I could have made—I think I could have voted better, if I had not heard that statement; that is what I am getting at, in any of the charges." (Tr. p. 50) On re-direct examination he was asked if it did influence his verdict to some extent and he said: "Well, it is bound to have; I would think." He further said if it had not been for this remark he might have voted for lesser penalty; that he tried to dismiss it but doesn't think you can dismiss a thing like that.

The state was evidently disappointed in the answers which some of the jurors gave to the inquiry regarding the effect the statement had upon them. Without conceding that the state had a right to ask such questions, it is sufficient to observe that the answers are in accordance with what might be the honest views of any jury. We cannot speculate as to the results.

It is the contention of the state that the admonition given by the jury foreman removed the harm done. Admittedly such caution on the part of the foreman of a jury may, at some times and under some conditions, relieve an unfortunate remark of harmful effect. This case, however, is in contrast to such holdings on the subject in that a new fact was stated by a juror, one not in evidence in the record, and it was positively harmful to the cause of the party on trial. We are unable to follow the state's contention in the case now before us.

There are a great many questions raised in the appeal, some of them being difficult ones. As a whole, they probably would not recur in another trial. Because of the misconduct of the jury, herein discussed, the judgment of the trial court is reversed and the cause is remanded.