ISAAC SCOTT V. STATE

No. 33,777.   January 3, 1962

*Florence, Garrison & Holt,* by *F. L. Garrison,* Gilmer, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, five years.

The disposition hereof makes a summary of the facts unnecessary.

In its brief, the state does not seek an affirmance of this case because the jury, after retiring to deliberate, received new testimony which was prejudicial to the appellant.

Appellant's amended motion for a new trial was sworn to by him and supported by the affidavits of Jurors Tucker, Chase, and Wisenhunt. The motion recites that from the beginning of their deliberations, which continued several hours, until shortly before they returned their verdict of guilty, 9 jurors were for a conviction and Jurors Tucker, Chase and Wisenhunt were for acquittal. It further alleged that shortly before they unanimously voted guilty, Juror Tucker called Juror Chase to one side and told her that he had heard through people for whom the appellant had worked that he was a pretty tough person among the Negroes.

At the hearing of the motion, Juror Tucker testified that after they had been deadlocked for some time, he called Juror Chase aside and told her, but not the others, that he had heard

some of the boys the appellant worked for at the store say that appellant was pretty tough among the other Negroes; and that they could be wrong in voting for an acquittal, but if she wanted to they would continue to vote for an acquittal.

Mrs. Chase testified that after the jury had been deliberating for a long time Juror Tucker called her aside and said:

"Well, I'm with you as long as you want to go along with it, but I want to call your attention to the fact that you might not know" said, "This is a bad Negro and he has a bad reputation and it is something you might take into consideration. * * *."

She further stated:

"But when Mr. Tucker said that he was a mean Negro, that he had a bad reputation, perhaps we could be wrong, I agreed perhaps we might be wrong, we could be wrong."

While testifying, Mrs. Wisenhunt, one of the three jurors for acquittal, stated that when it appeared that they could not agree, she said that although she believed he acted in self-defense she would vote for five years if Jurors Tucker and Chase would. Then Tucker moved and sat beside Juror Chase and she heard Tucker give Mrs. Chase the above mentioned information and told her that he would go along with the jury for five years if she would.

The other nine jurors were called by the state. They each testified that they did not hear or recall the remarks or statements complained of as shown above, but none of the nine denied that they were made.

An examination of the record shows that there was no testimony introduced during the trial that the appellant was a bad, mean Negro, or that he was pretty tough among the Negroes and had a bad reputation.

Art. 753, Sec. 7, V.A.C.C.P., provides that a new trial shall be granted in felony cases where the jury, after having retired to deliberate, receives other testimony.

It has been the consistent holding of this Court that when the jury receives other material and prejudicial testimony such

as that presented here, unless an issue is raised which may be resolved by the trial judge, then it becomes the duty of the trial judge to grant the motion for new trial. The evidence here fails to raise such issue. Jones v. State, 122 Tex. Cr. Rep. 146, 54 S.W. 2d 145; Flowers v. State, 157 Tex. Cr. Rep. 635, 252 S.W. 2d 191; Citizen v. State, 159 Tex. Cr. Rep. 519, 265 S.W. 2d 109; Gibbs v. State, 163 Tex. Cr. Rep. 370, 291 S.W. 2d 320; Templin v. State, 167 Tex. Cr. Rep. 605, 316 S.W. 2d 746.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.