Oscar **MENDOZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42214.

Court of Criminal Appeals of Texas.

July 9, 1969.

A. D. Azios, Houston, Richard G. Morales, Laredo (on appeal only), for appellant.

Carlos Castillon, Dist. Atty., Laredo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for assault with intent to rob; the punishment, six years.

The record does not contain a transcription of the court reporter's notes for the guilt or penalty stages of the trial.

■ In the sole ground of error, complaint is made that some members of the jury had previously read a newspaper article and mentioned it at the penalty stage of the trial. The article contained a statement that a co-defendant of appellant had been convicted and was assessed a penalty of six years. When the jury brought in the verdict of the penalty, appellant asked to poll the jury and questioned members of the jury about the newspaper article.[1] During this procedure the jurors were not sworn as witnesses. There was no affidavit of a juror or anyone who was in a position to know the facts. Absent such an affidavit, the motion for new trial based on jury misconduct is insufficient as a pleading. Walker v. State, Tex.Cr.App., 440 S.W.2d 653. There was no showing under oath from anyone as to why such affidavit was not attached. See Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471; Kizzee v. State, 166 Tex.Cr.R. 191, 312 S.W.2d 661; and Prince v. State, 158 Tex. Cr.R., 254 S.W.2d 1006.

■ Even if the motion for new trial had been sufficient as a pleading, and the unsworn statements made by the jurors were considered as evidence on the motion for new trial, no reversible error would be shown, because the facts adduced at the trial are not a part of the record and without such it cannot be ascertained whether there was jury misconduct as alleged. 5 Tex.Jur.2d, Sec. 167, p. 265; Jones v. State, Tex.Cr.App., 365 S.W.2d 800; Dennehy v. State, 116 Tex.Cr.R. 574, 31 S.W. 2d 639.

The judgment is affirmed.

1. The only purpose for polling the jury is to ascertain from each juror individually if the verdict returned was his. Article 37.05, Vernon's Ann.C.C.P.