Nathaniel ADAMS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 44820.

Court of Criminal Appeals of Texas.

May 24, 1972.

Rehearing Denied July 19, 1972.

Dickson & Associates by Jon E. Mercer, Houston, for appellant.

Carol C. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder without malice. Trial was held before a jury, which assessed punishment at confinement for five years.

Appellant's sole ground of error concerns the overruling by the trial court of his motion for new trial, in which he alleged jury misconduct. A hearing was held on the motion, and at such hearing a juror's affidavit was admitted in evidence in support of the motion. The trial court overruled appellant's motion.

In his affidavit, the juror stated: (1) that he concluded from "the comments and attitudes" of several of the other jurors that they had decided the guilt of appellant before the case was given to the jury; (2) that counsel for the defense was criticized by the other jurors for his cross-examination of the State's witnesses; (3) three jurors announced, after retiring to deliberate their verdict, "that they would vote either way, that it was up to the majority"; (4) that "numerous comments were made by several members which demonstrated an overwhelming racial bias and prejudice against the defendant because he was a negro," and that one juror commented that she had driven by government apartment projects and that all of "those people" had Cadillacs. The juror further stated that it was obvious that the decision of the majority of the members was based more upon racial prejudice than upon an evaluation of the evidence; (5) that during their deliberations, (a) one juror stated that his father had operated a service station for several years and had never shot anyone, (b)

another juror stated that while the men under him in his work fought often, none had ever shot another; (6) that the other jurors discussed the fact that they believed appellant was under the influence of narcotics, the impression being based upon the appearance of appellant's eyes; (7) that several of the jurors were able to see photographs of the deceased which were not introduced into evidence; (8) that the jurors discussed the fact that appellant had failed to comply with a child support order and; (9) that the juror resolved any question in his own mind as to appellant's innocence after he heard of a prior inconsistent statement by a witness.

We are of the opinion that the trial court did not err in overruling appellant's motion for new trial. That portion of the affidavit in which the juror explains the reason behind his vote is merely an attempt by the juror to impeach his verdict. It is well settled that a juror may not explain or impeach his verdict by showing the reason for the conclusion reached. e. g., Fontenot v. State, 426 S. W.2d 861 (Tex.Cr.App.1968); Gonzales v. State, 398 S.W.2d 132 (Tex.Cr.App.1966); Stokes v. State, 165 Tex.Cr.R. 269, 305 S. W.2d 779 (1957).

Likewise, the mental processes by which a juror reaches his verdict are not grounds for reversal. See Simmons v. State, 153 Tex.Cr.R. 228, 219 S.W.2d 458 (Tex.Cr.App.1949). There was no showing that any statement by any juror as to race influenced any other juror, therefore, no error is shown. See Scott v. State, 352 S.W.2d 726 (Tex.Cr.App.1962).

The record in this case does not contain a transcript of the proceedings of the trial, but merely contains a transcript of the proceedings at the hearing on the motion for new trial. That being the case, this Court is unable to review intelligently those portions of the affidavit which relate to discussions of evidence and/or matters allegedly not in evidence. Mendoza v. State, 442 S.W.2d 690 (Tex.Cr.App.1969); Dennehy v. State, 116 Tex.Cr.R. 574, 31 S.W.2d 639 (1930); Phillips v. State, 103 Tex.Cr.R. 358, 280 S.W. 1065 (1926); Pritchard v. State, 82 Tex.Cr.R. 219, 199 S.W. 292 (1917). Without the proceedings at trial, this Court cannot determine the harm, if any, which resulted from the discussions.

The statement that three jurors announced that they would vote with the majority was, again, a statement in regard to their mental processes. Absent a showing that they agreed to be bound thereby, there is no error. Phillips v. State, 152 Tex.Cr. R. 608, 216 S.W.2d 211 (1948); Papageorge v. State, 120 Tex.Cr.R. 574, 48 S. W.2d 991 (1932).

The trial court did not abuse its discretion in overruling appellant's motion for new trial. The judgment is affirmed.