## ARTHUR HORN v. THE STATE.

No. 10483.    Delivered December 22, 1926.

Reinstated and delivered February 23, 1927.

### 1.—Burglary—No Sentence in Record—Appeal Dismissed.

Where a record fails to disclose that the trial court sentenced the appellant, as appears in this case, this court is without jurisdiction to entertain the appeal and it will be dismissed.    Having corrected the record in

this respect the cause is reinstated and will be considered. See Vernon's 1925 C. C. P., Art. 769, citing Dodd v. State, 77 Tex. Crim. Rep. 543.

**2.—Same—Argument of Counsel—Held, Reversible Error.**

Where, on a trial for burglary, the location of a barn in the city of Fort Worth was a material issue, and there was no evidence introduced as to its location by the state, it was reversible error for counsel for the state in his argument to tell the jury that he was acquainted with the streets in Fort Worth, and that there were no barns in that section of the town, as claimed by the appellant.

**3.—Same—Remarks by Trial Court—Held Error.**

Where appellant was testifying as a witness in his own behalf, and was asked by the state regarding a certain crime claimed to have been committed by appellant in another county, and the question being objected to, the court remarked in the hearing of the jury, "The testimony, if the jury believes it, had the effect of discrediting the testimony of this witness, etc.," this comment of the court was on the weight of the testimony and in violation of Art. 707, C. C. P., 1925. Following Lagrone v. State, 84 Tex. Crim. Rep. 609; Gribble v. State, 85 Tex. Crim. Rep. 52; Crane v. State, 91 Tex. Crim. Rep. 305, and McGee v. State, 37 Tex. Crim. Rep. 668.

**4.—Same—Convict as Witness—Held, Incompetent.**

Where, on a trial after the taking effect of the rule in regard to admitting the testimony of convicts, it was not error to permit a witness to testify against appellant, who was shown to have been convicted of a felony in Oklahoma, and no testimony offered that he had been pardoned for such offense.

Appeal from the District Court of Parker County. Tried below before the Hon. F. O. McKinsey, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Houtchens & Clark* of Fort Worth, for appellant. On improper argument of counsel, appellant cites: Williams v. State, 148 S. W. 306; Lynch v. State, 193 S. W. 67; Walker v. State, 206 S. W. 96; Stancher v. State, 231 S. W. 120; Brown v. State, 242 S. W. 218.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of burglary in the District Court of Parker County, and his punishment assessed at two years in the penitentiary.

The record fails to disclose that the trial court sentenced the

appellant, in the absence of which this court is without juris-
diction to entertain an appeal.    Vernon's 1925 C. C. P., Art. 769,
citing Dodd v. State, 77 Tex. Crim. Rep. 543, 179 S. W. 564, and
many other authorities collated thereunder.

For the reason above stated, the appeal is ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been
examined by the Judges of the Court of Criminal Appeals and
approved by the Court.

LATTIMORE, JUDGE.—Conviction for burglary, punishment
two years in the penitentiary.

Appellant has supplied the omission of the sentence which
caused the dismissal of this appeal, and the appeal is now rein-
stated and the case considered on its merits.

The barn of V. O. Hildreth, in Parker County, was burglarized.
Certain sacks alleged to have been taken from the burglarized
house were traced to the possession of appellant and his brother,
and they were indicted and convicted of the offense.

On the trial the Assistant County Attorney told the jury in
argument that he was acquainted with the streets in Fort Worth
and that there was no barn on Houston street where defendants
said they went for the sacks, which they claim to be the ones
found in their possession; that this part of Fort Worth was in
the business section of the town, and that he knew this fact, and
that there were no barns in that section of the town.    These
matters were material.    The jury in their retirement discussed
the location of the barn where defendants claimed they had
gotten the sacks found in their possession, and it was shown
that statements were made in the jury room that the said Assist-
ant County Attorney ought to know as to whether there was any
barn in that section of town or not.    The argument put into the
record, as within the personal knowledge of said state's attorney,
a material fact.    The error of the argument was emphasized by
the discussion had by the jury.

Appellant was a witness in his own behalf and was asked by
the state regarding a certain crime claimed to have been com-
mitted by appellant and another.    The matter was objected to
by appellant's counsel, and the court made the following remark:
"The testimony, if the jury believes it, had the effect of discred-
iting the testimony of this witness," etc.    This clearly was a
comment by the court on the weight of the testimony and in

violation of Art. 707, 1925 C. C. P. See McGee v. State, 37 Tex. Crim. Rep. 668; Lagrone v. State, 84 Tex. Crim. Rep. 609; Gribble v. State, 85 Tex. Crim. Rep. 52; Crane v. State, 91 Tex. Crim. Rep. 305.

The state introduced one, Starr, a material witness, in making out its case. On cross-examination this witness admitted he had been convicted of a felony in Oklahoma. Appellant thereupon moved to strike out his testimony, which motion was overruled, and over objection the witness was permitted to testify to further facts in behalf of the state. The trial was had in May, 1926. The acts of the Thirty-ninth Legislature, changing the rule in regard to admitting the testimony of convicts, went into effect in June, 1925. The witness was competent. We have examined each of the other errors complained of on behalf of appellant but think none of them present merit.

For the errors referred to the judgment will be reversed and the cause remanded.

*Reversed and remanded.*