## HENRY CARROLL V. THE STATE.

No. 21882. Delivered February 4, 1942.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of theft of cattle and given two years in the penitentiary.

The facts herein are rather peculiar. Appellant was charged with having stolen one head of cattle from Frank Carroll, whom the testimony showed was his brother. It is also in evidence that on August 12, 1940, appellant was apprehended in Austin with four head of cattle in his possession. When such possesison was challenged, he claimed to have gotten them at Lockhart, but upon telephone inquiry to that point his explanation was found to be false. He then signed a written confession which said, among other things, that:

"On Sunday night August 11, 1940, I borrowed Albert Kadura's truck and stole four head of cattle belonging to my brother Frank Carroll. I took these cattle to Austin, Texas, to the Gunn Commission pen, and attempted to sell them but they became suspicious and held up the check. * * * All of these cattle belonged to my brother Frank Carroll and I did not have his permission to sell any of them."

The State placed Frank Carroll on the stand and he testified unqualifiedly that these cattle were not his, but they belonged to his wife, who traded and trafficked in her own cattle. Under the doctrine of the surprise of this witness, and for impeachment purposes, the State showed that this witness, in company with the sheriff of Bastrop County, the day after the alleged theft, had identified the cattle as his, and had sworn out a complaint against his brother, the appellant, for theft of

the same, and had also claimed the same in his testimony before the grand jury.

Mrs. Frank Carroll took the witness stand in behalf of appellant and swore that these cattle were her property, that she bought and sold her own property independent of her husband, and that appellant had her consent to take these cattle and sell them at any and all times. She was also shown by the State to have made some previous statements not wholly in accord with the above permission to sell given to appellant. Appellant did not take the witness stand.

The impeaching testimony introduced relative to the witnesses Mr. and Mrs. Frank Carroll was properly limited by the trial court to the purpose alone of such impeachment.

Again, the careful trial court instructed the jury that they could not "convict the defendant on the confession alone, but it may be considered by you in connection with other testimony introduced in the case in determining the guilt or innocence of the defendant."

We thus find no evidence of a theft, save and except the confession of the defendant. The impeachment testimony of Frank Carroll and wife can not rise to the dignity of original evidence, and the court correctly limited the same in his charge.

Mr. Branch, in his Penal Code, p. 96, says:

"Where the State impeaches her own witness by proof of statements not made on the present trial, such impeaching testimony is not original evidence against defendant, but is only admissible to affect the credibility of the witness, and would have to be limited in the charge. It follows that such hearsay testimony will not support a conviction, and if the witness fails to make out a case, there is nothing to be gained by impeaching him, where the State has no other witnesses to make out the case," citing many cases.

Again, the confession alone not being sufficient, especially in view of the affirmative testimony of the Carrols, we think the State has failed to make out a case under the facts presented herein.

In accordance with such view, this judgment is reversed and the cause remanded.