## EVA HANKS DAVIS V. STATE

No. 27,635. June 25, 1955

*Butler & Peeler,* by *Ray Peeler, Jr.,* Bonham, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 15 days in jail and a fine of $125.00.

The statement of facts before us was filed in the trial court 112 days after notice of appeal was given. The state challenges our consideration thereof. The certificate of the court approving the same recites:

" . . . that on the eighty-eighth (88th) day after the Motion for a New Trial was overruled in this Cause, the Defense Attorneys presented to the States Attorney and to the Court a prepared Statement of Facts which were prepared by said Defense Attorneys, to which the Attorneys could not agree that the said Statement of Facts were true and correct."

The controlling statute is Subsection E of Section 1 of Article 759a, which reads:

"If the Statement of Facts is agreed to by the defendant or his counsel, and the attorneys representing the state, it need not be approved by the court. If the parties cannot agree on a Statement of Facts within seventy-five (75) days after giving of notice of appeal, the trial judge shall prepare and certify to a Statement of Facts."

It will be seen from the court's certificate that the appellant did not comply with the statute. It is incumbent upon an appellant to secure an agreement with the state's counsel within 75 days and, if unable to secure such agreement, to then present the statement of facts he contends is correct to the court in order that he may approve same or prepare and certify to a statement of facts which the judge deems to be correct.

In Widener v. State, 159 Texas Cr. Rep. 256, 262 S.W. 2d 400, we considered a statement of facts filed by the court after the expiration of 90 days, but the opinion reflects that the appellant and the county attorney were unable to agree thereto within 75 days after notice of appeal.

We have not been favored by a brief but shall discuss the bills of exception found in the record.

Bills of Exception Nos. 1 and 2 cannot be considered. They purport to be bystanders' bills, but the affidavits of the bystanders were taken by one of appellant's attorneys. Bostick v. State, 81 Texas Cr. Rep. 402, 412, 195 S.W. 863, and Bostick v. State, 196 S.W. 531, hold that bystanders may not swear to a bill of exception before an attorney in the cause.

Bill of Exception No. 3 complains of the refusal of the trial

court to instruct a verdict of not guilty. In the absence of a statement of facts which we may consider, we are in no position to appraise the bill.

Bills of Exception Nos. 4 and 5 do not show that they were ever presented to the trial court for approval and should not have been made a part of the transcript.

Bill of Exception No. 6 complains of the failure of the trial court to grant a continuance because of the absence of two witnesses. Neither the bill nor the motion for new trial contains the affidavits of the missing witnesses or a showing under oath from some other source that the witness would have actually testified to such facts. Such affidavits are requisite in order to show abuse of discretion in overruling the motion for new trial. Morris v. State, 158 Texas Cr. Rep. 516, 251 S.W. 2d 731.

In a supplemental transcript, we find several bills of exception which have no numbers. We shall discuss them serially.

The first complains of the introduction of two cans labeled "beer." The grounds of the objection were that no proper predicate had been laid for their introduction. The court qualified the bills by setting forth the testimony of Mrs. Kuekelhan which established the admissibility of the cans. The appellant accepted the court's qualification, and no error is reflected by the bill.

The second relates to appellant's contention that the jury reached their verdict by lot. As qualified by the court, no error is reflected by the bill. Phillips v. State, 152 Texas Cr. Rep. 608, 216 S.W. 2d 211.

The third seems to relate to the same question raised in the first and, as qualified, fails to reflect error.

The fourth, as qualified, reflects that the county attorney began to read the information to the jury and the bailiff advised the court that the appellant was not in the courtroom, that the court ordered the county attorney to stop, that the appellant returned to the courtroom, and the county attorney re-read the information. The grounds of the objection were that this constituted a double accusation against the accused. We see no merit in the bill.

Finding no reversible error, the judgment of the trial court is affirmed.