## HENRY LEE GATES V. STATE

### No. 27,907. January 4, 1956

*Theo Ash,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful transportation of gin and whisky in a dry area; the punishment, 60 days in jail and a fine of $100.00.

Inspector Pierce of the Texas Liquor Control Board testified that he observed the appellant drive up to a cafe in the city of Abilene and signal to one Harris who was inside. Harris came out and sat down in the front seat of the appellant's automobile. Pierce approached them from the rear and saw the appellant get a fifth of gin from under a coat which was on the front seat between the men and lay it on top of the coat. Harris counted out some money and laid it on the seat. At this juncture, Pierce opened the door and said, "I have caught you this time, haven't I?" Pierce testified that the appellant replied, "You damned sure have." Pierce felt under the coat and recovered two fifths of whisky and placed the appellant under arrest.

Appellant and his witness Harris testified that they planned to go to a dance together on the night in question and the appellant had gotten the ardent spirits for the occasion at Big Spring earlier in the day. They explained the money on the seat by saying that Harris was attempting to pay for his share of the liquid refreshments which they planned to consume during the

course of the evening. They both testified that the appellant had declined payment, saying that Harris could buy the next time they went out together, just as the officers came up to the automobile.

The jury resolved the disputed issue, if any existed, against the appellant, and we find the evidence sufficient to support the conviction.

The only question presented for review is jury argument which appellant contends was outside the record. As qualified, the bills recited that the prosecutor said:

"This witness (Harris) says that he has known the defendant and they have gone out together for several years, but he did not know where the defendant lived, or what kind of work he did or where he worked; he did know the defendant's telephone number, and he knew it because this man is a bootlegger, a delivery boy."

While being cross-examined, Harris had testified that he had known the appellant a long time but did not know where he lived or for whom he worked, how old he was or how much the appellant had been out of pocket for the joint stock of liquor they were to consume, but did state that he had gotten appellant's telephone number from a relative.

Harris, who knew the appellant's telephone number, but little else about him, was found seated in an automobile with the appellant, while a bottle of gin and some money were changing hands between them. The appellant had driven to his rendezvous with Harris and had two other bottles of intoxicants in his automobile.

These facts, we have concluded, were sufficient to authorize the argument of which the appellant herein complains. Hammond v. State, 138 Texas Cr. R. 641, 137 S.W. 2d 1025.

Finding no reversible error, the judgment of the trial court is affirmed.