## FRANK HUFFSTETLER V. STATE.

No. 30,443. March 11, 1959.
Motion for Rehearing Overruled April 22, 1959.

*Louis M. Crump* and *Reuben E. Senterfitt,* San Saba, for appellant.

*J. R. Owen,* County Attorney, Georgetown, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is robbery; the punishment, five years.

Vernon Gude testified that he was alone in his apartment when the appellant, with a large open knife in his hand, and Henry Baldridge entered, told him to get in the corner and face the wall, closed the door and pulled the shades down; then Baldridge stood over him while the appellant searched the apartment, taking $42 in money, an electric razor, two watches and some cigarette lighters. They told him they were pretty tough and for him to mind them, and Gude stated that he was afraid of them; that appellant struck at him several times with the knife, hitting him only one time, pulled his nose, jerked him by

the hair of his head and cursed him. Appellant told him to get in the bed, then they tied him with ripped pieces of a sheet and gagged him and appellant said: "Did you ever see a dead man?" * * * "You so and so, you will look like a lead pencil * * * when they cut you loose;" then appellant and Baldridge walked out.

Deputy Sheriff Jordan testified that the appellant admitted to him that he took an electric razor and some money from Gude, took him to the person with whom he had left the razor, and upon its recovery, identified it as the razor he had taken from Gude.

In rebuttal for the state, Henry Baldridge testified that he went with the appellant to Gude's apartment, that appellant got a bit tough, struck at Gude several times with an open knife but he didn't know if he had hit him; tied and gagged him, and he saw him take a razor from the apartment.

By Formal Bill of Exception No. 2, appellant contends that the court erred in overruling his subsequent motion for a continuance because of the absence of Bill Elroy whom he expected to use as a witness.

The motion alleged that Elroy was in Florida at the time it was filed, but that he was there only temporarily and would probably return to Texas in a short time. He was never summoned as a witness and no affidavit by him showing the facts to which he would testify is shown. There is no showing under oath from any source what his testimony would be if present. Apparently, the testimony of Elroy would be cumulative of the testimony given by the witness Schumpert. Appellant filed no motion for a new trial. No abuse of discretion is shown in the overruling of the subsequent motion for a continuance. Art. 544, Vernon's Ann. C.C.P.; Parsons v. State, 160 Texas Cr. Rep. 387, 271 S.W. 2d 643; Suit v. State, 161 Texas Cr. Rep. 22, 274 S.W. 2d 701; Davis v. State, 162 Texas Cr. Rep. 22, 280 S.W. 2d 747.

By Formal Bill of Exception No. 3, appellant complains of the testimony of Deputy Sheriff Jordan which related what appellant told the officer he did shortly before and during the robbery. He did not object to him stating that portion which lead to the recovery of the electric razor and its identification, but contends that such conversation took place while he was under arrest and the statements complained of were not made in the

course of the same conversation as the statements which lead to the recovery of the razor.

Deputy Sheriff Jordan testified that the appellant in the same conversation told him about going to Gude's apartment and "how the robbery — or some of the facts about how the robbery of Mr. Gude was committed," and also where the razor was. Art. 727, n. 13, Vernon's Ann. C.C.P.; Smith v. State, 157 Texas Cr. Rep. 637, 253 S.W. 2d 665.

Appellant, testifying in his own behalf, related his meeting with Baldridge, and his suggestion that they go to Gude's apartment, and also stated what they did after they arrived there. Hence, no error is shown. 4 Texas Jur. 587, Sec. 414; Grooms v. State, 156 Texas Cr. Rep. 504, 244 S.W. 2d 229; Texas Digest, Criminal Law, Key No. 1169(3).

The evidence fails to raise any issue that requires the submission of charges, as requested by the appellant, on simple assault, aggravated assault, and the taking of property under a claim of right. Hence, the failure to so charge the jury was not error.

The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.