## DONALD GAUNTT V. STATE

No. 31,383. March 16, 1960
Motion for Rehearing Overruled May 11, 1960
Second Motion for Rehearing Overruled June 1, 1960

*Matthews, Aultman & Riley,* by *Randell C. Riley,* Fort Worth, for appellant.

*Doug Crouch,* Criminal District Attorney, *A. D. Downer, Frank D. Coffey, Albert F. Fick, Jr.,* Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 99 years.

The state's evidence shows that on the date alleged, the deceased was shot and killed in a gun battle in which he and his companion, Johnny Green, were on one side and appellant and his two companions, Garrett Ramsey and Leroy Gonzales were on the other. The killing occurred around 2:30 P.M. in the 1900 Block of Arch Street in the city of Fort Worth. The testimony shows that shortly before the shooting the deceased and his companion went to the home of the deceased's mother in the deceased's automobile and after staying some thirty minutes they left. As the deceased backed out out of the driveway and was driving away an automobile occupied by the appellant and his companions, which was parked some distance down the street, drove rapidly away from the curb and proceeded in the direction of the deceased's automobile. As the two cars collided near the center of the street the occupants of each car got out and all started shooting. In the shooting which ensued the deceased fired one shot and then turned and fled from the scene during which time he was being shot at by the appellant and his

companions. Witnesses to the shooting testified that while in flight the deceased fell twice while running away from the appellant and his companions who continued to shoot at him. The evidence shows that the deceased finally fell on the porch of a nearby house and thereupon the appellant and his companions got in their automobile and drove away. Nine empty cartridges were found at the scene after the shooting and the deceased's gun was found near his body which contained five loaded shells and one which had been fired. A fully loaded sawed-off shot gun was also found in the automobile of the deceased. An autopsy performed upon the deceased's body disclosed two bullet wounds, one of which entered from the back and passed through the lung and was the cause of death. It was further shown that prior to the shooting the deceased had made threats to kill the appellant and on the night before the killing the deceased and his companion Green had attempted to ambush the appellant by shooting at him at a tavern. It was further shown that on the day of the killing the deceased was looking for the appellant to kill him because of a whipping he had received from the appellant some two weeks before.

Appellant did not testify but called witnesses who testified relative to threats made by the deceased to kill him which were communicated to appellant and who also testified that the deceased was the type of man who would carry out such a threat.

In submitting the issue of appellant's guilt to the jury, the court charged the jury upon the appellant's right of self-defense against a deadly attack and in connection therewith fully instructed the jury with reference to the law of threats.

Appellant predicates his appeal upon certain formal bills of exception which we shall discuss in the order which they are presented in appellant's brief.

By bills of exception Nos. 1 and 2 appellant complains of certain jury argument of state's counsel wherein appellant was referred to as a "hoodlum" and "gangster" to which he objected and his objection was by the court overruled. Under the facts such argument appears to have been warranted, hence no error is shown. Hay v. State, 155 Tex. Cr. R. 604, 237 S.W. 2d 987. Complaint is also made to the recitation of a story to the jury by the prosecutor in which he stated he had read about a man catching a burglar in his house, shooting him twice, the last time when he was crouched down on his knees, and being tried for the

offense and sentenced to a long term in the penitentiary. The bill certifies that appellant's objection was sustained to that part of the story about the man being tried and convicted and the jury instructed not to consider the same. Complaint is also made to the remarks of state's counsel when he stated "Are we going to let Ft. Worth become another Chicago or another Kansas City?" and "if you turn him loose—he used a pistol this time—The next time it will be machine guns." As to this argument it is shown that appellant's objection was sustained and the jury instructed not to consider the same. The argument to which appellant's objection was sustained was not so prejudicial that its effect upon the jury could not be removed by the court's instruction and no reversible error is shown. See Weatherly v. State, 163 Tex. Cr. R. 659, 296 S.W. 2d 764.

Bill of Exception No. 3 relates to the court's action in permitting state's counsel, after pleading surprise to question of the state's witness Johnny Green relative to certain statements made by him at appellant's examining trial. Upon being examined the witness admitted that the statements made by him were correct. Such procedure was approved by this court in Pelton v. State, 167 Tex. Cr. R. 649, 332 S.W. 2d 529. Complaint is further made in the bill to the court's failure to instruct the jury that "the State was bound by the testimony of its own witness unless and until it pleaded and proved surprise." The matter of surprise was clearly a question for the court to pass upon and was not an issue for the jury's determination. No error is shown in the bill.

By Bill of Exception No. 5 appellant insists that the court erred in charging the jury on the law with respect to abandonment of the difficulty by the deceased, over his objection that there was no evidence that the deceased abandoned the difficulty and that the evidence only showed mutual combat and a change of positions to a more advantageous firing position by the deceased. The evidence from the standpoint of the state's witnesses clearly shows that when the shooting began the deceased fired one shot and then turned and ran. Appellant and his companions continued to shoot at the deceased as he was fleeing from the scene. No shots were fired by the deceased while in flight. Under such evidence the court did not err in submitting the issue of abandonment of the difficulty by the deceased to the jury. See 4 Branch's Ann. P.C. par. 2145, page 478 and cases there cited.

We overrule appellant's contention that bill of exception No. 6 presents reversible error because of the court's refusal to

declare a mistrial after state's counsel had asked the witness Johnny Green whether the appellant and some of his named associates were involved in a syndicate. The question was unanswered and the jury was instructed by the court not to consider the question propounded by counsel to the witness .

Bill of Exception No. 8 presents appellant's complaint to the court's refusal to grant his first application for a continuance because of the absence of the witness, Howard K. Halliman. Neither the bill of exception nor the motion for new trial contains an affidavit of the missing witness or a showing under oath from some other source that the witness would have actually testified to the facts alleged. Such an affidavit is requisite in order to show an abuse of discretion in overruling the motion for new trial. Morris v. State, 158 Tex. Cr. R. 516, 251 S.W. 2d 731 and Davis v. State, 162 Tex. Cr. R. 22, 280 S.W. 2d 747.

Bills of Exceptions Nos. 9, 10 and 11 present appellant's complaints to the court's rulings concerning purported jury misconduct and will be considered jointly.

Bills 9 and 10 show that upon the return of the jury's verdict, the court, on his own motion, over appellant's objection, called the juror Brannon to the stand to be examined concerning his separation from other jurors during the trial. While being examined the juror stated that during its deliberation the jury discussed the appellant's failure to testify. Thereupon, appellant requested the court for permission to call the remaining eleven jurors to testify with reference to such purported misconduct. This request was by the court refused. To such action and adverse rulings of the court the two bills of exception were taken by appellant. We find no error in the bills. The action of the court in calling the juror to the stand after the return of the jury's verdict could not have adversely affected appellant's rights and been prejudicial to him. At the time appellant requested permission to call the other eleven jurors no motion for new trial had been filed and the question of jury misconduct was not before the court. Clearly the appellant had no right to examine the jurors on such issue at that time.

By Bill of Exception No. 11 appellant complains of the court's action in overruling his amended motion for new trial in which he charged jury misconduct by reasons of the jury's discussion of his failure to testify. On the hearing of the motion appellant introduced in evidence the testimony of Juror Brannon pre-

viously given before the court in which the juror stated that during the deliberation the jury did discuss the appellant's failure to testify. Three jurors who served in the case were called by the state who denied that there was any such discussion. Under such conflicting testimony the court did not abuse his discretion in refusing to grant a new trial. Phillips v. State, 139 Tex. Cr. R. 574, 141 S.W. 2d 371.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant takes issue with the assertion in our original opinion that error was not committed when the prosecutor referred to appellant as a hoodlum and gangster. We will amplify our reasons for so holding. The state's principal witness Johnny Green testified that he was a panderer, operated a house of prostitution, and for 48 hours before the homicide he and deceased had been looking for defendant, and that he was accompanying deceased because deceased was expecting trouble, and that both he and deceased were armed with pistols. It was further shown that appellant was armed and began shooting at deceased as he came within range. We have concluded that the references referred to above do not constitute error. Lott v. State, 164 Tex. Cr. Rep. 395, 299 S.W. 2d 145.

Appellant next complains of the court's charge on the issue of surprise. The bill of exception recites that appellant objected because the jury was not told that the state was bound by its own witness unless and until it pleaded and proved surprise. Reliance is had upon three cases, Carroll v. State, 143 Tex. Cr. Rep. 269, 158 S. W. 2d 532; Wells v. State, 154 Tex. Cr. Rep. 336, 227 S. W. 2d 210; and Lawhon v. State, 284 S. W. 2d 730. All three cases support the rule that the state's case cannot be made out by proof of prior inconsistent statements of the witnesses while their testimony at the trial does not inculpate the accused, and that where such evidence is introduced the jury should be instructed that such prior inconsistent statements might be considered by the jury only as impeachment in accordance with the form found in 1 Branch's Ann. P.C. 203, 2nd, sec.

p. 225. These cases and the rule cited have no application here. Green testified in direct examination that possibly he fired the first shot. On cross-examination, he admitted that he had testified at a prior hearing that he returned the fire after he was fired upon and that such was his testimony at this trial. While the prosecutor did not follow the procedure which was commended in Pelton v. State, supra, in claiming surprise, we do find that he secured from the witness the admission *that he was now testifying* that he fired after he was fired upon by the occupants of the other automobile.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.