## DELMER RICHARD SHIPP v. STATE

No. 32,856. January 25, 1961

Motion for Rehearing Overruled March 1, 1961

*Royce E. Ball*, Lubbock, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is sodomy; the punishment, two years.

The sole contention presented on appeal is that the court erred in failing to charge on the law of circumstantial evidence. For this reason, the facts will have to be stated more fully than we would normally do.

Detective Privett of the Lubbock police testified that on the day in question he was concealed, along with the park's policeman Barnett, in a tool shed which opened into a latrine located in one of the city parks; that both he and Barnett were observing the inside of the latrine through holes in the door; that appellant came in and waited around a while without availing himself of the facilities of the latrine until a man, whom he later determined to be named Pelton, entered and very shortly thereafter lowered his trousers, pulled up his shirt, and bent over holding on to his ankles, and since he was not wearing underclothes this left his entire rectal area exposed. He stated that Pelton said to appellant, "Be sure and get it hard because it's no good . . . unless it is hard;" that appellant finally said "it was hard enough"; that both men were facing away from him at the time and he saw appellant's hips move in and out but that Pelton remained still; and that appellant was immediately behind Pelton in a standing position "so close * * * that his stomach was up against the back of * * * Pelton." He testified that after they had observed this conduct for a short time he and Barnett burst out into the latrine, at which time he saw appellant's sex organ in an upright position as he withdrew from "bodily contact" with Pelton, that Pelton's rectum "was red and looked like it was turned wrong side out," and likened it to the rectum of a horse immediately after discharging waste matter.

Barnett was less specific in his testimony but did say that he observed appellant having intercourse from the rear with Pelton. On cross-examination, he admitted that he did not see appellant's private penetrate Pelton's rectum, because they both had their backs to him, but he did testify to bodily contact between the parties, and that appellant's penis was "very muchly erected." His version of their conversation was that Pelton told appellant he would have to watch out as he was unable to see out from his

position and that Pelton at one time said, "You haven't got it hard enough yet," and appellant replied, "Well, it's getting that way."

Appellant, testifying in his own behalf, stated that while on his way from home to work he drove through the park and stopped at the latrine to relieve himself; that the man, who he had never seen before but whom he later learned to be Pelton, came in and made the proposal that he have intercourse with him in the rectum; that he declined, saying that his penis was not hard; that a short while thereafter Pelton inquired of it was hard yet and dropped his pants, at which time the officers arrived. He denied that he touched Pelton or that his penis had been erect.

He offered his wife and another reputation witness.

We have stated the facts more fully than usual in order to demonstrate that penetration was proven by direct evidence and that the requested charge was not required under the facts.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.