Henry Wade, Criminal Dist. Atty., William F. Tucker, Jack Hampton, Phil Burleson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Upon his plea of guilty before the jury, appellant was assessed sixty years in the penitentiary for the offense of robbery with firearms.

Evidence for the state shows that appellant and Donald Wayne Burns came into a retail liquor store together; that, with the use of firearms and threats, they assaulted and robbed the owner, L. M. Box; that after taking the money the appellant and Burns forced all the occupants of the store into an "icebox"; and that after appellant and Burns left the police were called and given a description of appellant and his companion, as well as a description of the car they were in.

The evidence further shows as follows: A police officer had an accident in his police car while unsuccessfully pursuing a car fitting the description of the car used in the robbery of the liquor store. Appellant and Burns were arrested two days later in Houston, with a folded newspaper reporting the robbery, in the front seat of their car, and the men were returned to Dallas.

Appellant testified in his own behalf, admitted his participation in the robbery, and agreed—under oath—that he was guilty, and that the state's evidence was correct.

Appellant's father and ex-stepfather testified as to his (appellant's) mother's lack of parental care of appellant.

We find the evidence amply sufficient to support appellant's plea of guilty.

Appellant filed no motions, either before trial, during trial, or after trial.

No formal bills of exception, and no informal bills appear in the record. No

objections were filed to the charge and no requested charges were submitted to the court.

Finding the evidence sufficient to support the conviction, and no errors appearing, the judgment is affirmed.

**Sam COLE, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 33373.**

Court of Criminal Appeals of Texas.

May 17, 1961.

On Motion to Reinstate Appeal June 21, 1961.

M. D. Emerson, Paris, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Unlawful possession of whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.

The record on appeal reflects that appellant gave notice of appeal on December 16, 1960, and entered into an appeal bond on the same date, instead of a recognizance as is required by law.

■ An appeal bond entered into during the term of court at which notice of appeal is given does not comply with the statute, Art. 830, Vernon's Ann.C.C.P., and does not confer jurisdiction upon this court to enter any order except to dismiss the appeal. Thompson v. State, 166 Tex.Cr.R.

586, 317 S.W.2d 61; Deming v. State, Tex. Cr.App., 322 S.W.2d 543.

The appeal is dismissed.

On Appellant's Motion to Reinstate Appeal

MORRISON, Judge.

By supplemental transcript, it is now shown that appellant has perfected the appeal to this Court, and the appeal is ordered reinstated.

In view of our disposition of this cause, a recitation of the facts is not deemed necessary other than to observe that we entertain serious doubt as to their sufficiency to support the conviction. The ⅘th quart of whiskey was found under the driver's seat of the automobile of the State's witness Earl Guthrie. Appellant was the other occupant of the automobile. Guthrie told the officer who found it that the whiskey belonged to him.

■■ In his argument, State's counsel said, "I don't think Earl Guthrie is in the whiskey business. *I know he is not, so that takes care of that issue.*"

We quote from 1 Branch's Ann.P.C., 2nd Ed., 404, sec. 384:

"The unsworn statement of State's counsel to the jury of a material fact adverse to defendant which was not put in evidence during the trial will require the judgment of conviction to be set aside."

See also Horn v. State, 106 Tex.Cr.R. 190, 292 S.W. 227; Thomas v. State, 109 Tex.Cr.R. 578, 6 S.W.2d 118; Clark v. State, 156 Tex.Cr.R. 526, 244 S.W.2d 218; Spinks v. State, 157 Tex.Cr.R. 612, 252 S.W.2d 159; Alford v. State, 158 Tex.Cr.R. 632, 258 S.W.2d 817; Puckett v. State, Tex.Cr.App., 330 S.W.2d 465; and Hickerson v. State, 162 Tex.Cr.R. 446, 286 S.W.2d 437.

The judgment is reversed and the **cause** remanded.