**Frank Rance PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42848.**

Court of Criminal Appeals of Texas.

April 29, 1970.

Rehearing Denied June 17, 1970.

Jan E. Hemphill, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is aggravated assault on a female; the punishment, a fine of $1,000.00, and 12 months in jail.

Appellant's sole ground of error is that the evidence is insufficient to support the conviction. Trial was had before a jury.

The prosecutrix testified that on the night of June 6, 1968, she had reported to work at a cocktail lounge in Dallas, as a waitress. There she encountered appellant, who was a customer, for the first time. She testified that she sat at a table with appellant and had a drink with him as was her duty. Shortly thereafter, appellant left the club. Upon returning to the club about 10:00 p. m., appellant invited prosecutrix to a party, and she declined. After leaving work, shortly after midnight, prosecutrix was accosted by appellant outside the club; he forced her into his automobile. Thereafter, appellant struck her about the head several times against her will. He then drove her to a house, which was unfamiliar to prosecutrix. Upon reaching this house, appellant forced prosecutrix into the house, again struck her with his fists, and with a medallion that he had been wearing around his neck. Inside the house were four men. She testified that they held her, while appellant removed part of her clothes. Also, she was forced to take several types of pills, was given a shot in the arm with a hypodermic needle,[1] and liquor was poured all over her. Later, appellant forced her back into his automobile, and holding her at gunpoint (shotgun) departed. She testified that she struggled with him during this time, and he continuously told her that he was going to kill her. After a police car had forced appellant's automobile to stop,

---

1. It was not brought out what the hypodermic needle contained.

prosecutrix managed to escape. She testified that upon seeing the patrol car appellant threw the shotgun out of the window.

The arresting officer testified that he had been alerted to keep on the watch for an automobile fitting the description of appellant's automobile. After spotting appellant's automobile, he followed it and noticed two people inside struggling with each other. He then forced appellant's automobile to stop. Prosecutrix then leaped from appellant's automobile and ran to the officer. The officer testified that she was in a hysterical state, and that her makeup, hair and clothes were disarranged. She told him that appellant had tried to rape her, that he had a gun, and was going to kill her. Prosecutrix was then taken to Parkland Hospital via ambulance. The officer testified that he noticed a bruise mark on prosecutrix's arm. The shotgun was not found, but a search of the automobile revealed several shotgun shells.

Appellant testified in his own behalf, and the jury chose not to accept his version.

Finding the evidence sufficient, the judgment is affirmed.