**Antonio OLIVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43076.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Phil Pickett, and T. P. Henley, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Bill White and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Our prior opinion dismissing this appeal is withdrawn, since the record has now been corrected, and the following is substituted in lieu thereof.

The offense is sodomy; the punishment, eight (8) years.

The indictment alleged and the state's evidence reflects that appellant had carnal copulation with a fellow prisoner in the Bexar County Jail, in his anus, the fellow prisoner submitting by reason of threats of bodily harm.

The contention that Art. 524, Vernon's Ann.P.C., under which appellant was prosecuted and convicted, is void is overruled for the reasons stated in Pruett v. State, (No. 43,193) this day decided.

The second point of error alleged by appellant is that the evidence is insufficient to support a conviction, specifically that the State did not prove penetration. The following testimony by the complainant was sufficient to establish penetration. See Shipp v. State, 170 Tex.Cr.R. 615, 342 S.W.2d 756.

"STATE'S ATTORNEY: Specifically, you have stated that he committed an act of sodomy on you; * * * what do you mean by that? * * * just what, exactly, did Antonio Oliva do to you?

"McCARROLL: Sticking a man's penis in another man's anus.

"Q. So that's what he did to you?

"A. Yes, sir.

"Q. Did he place his penis in your anus?

"A. Yes, sir. He did.

"Q. Now, was this just for a second, or would you describe to the jury just what he did?

"A. No, sir, it was in for about ten minutes, and it was—

"Q. Was it * * * as if he was going to have intercourse with a woman?

"A. Yes, sir."

He further contends that McCarroll was an accomplice as a matter of law and that since he was not corroborated then the conviction cannot stand. There was no evidence that the act of sodomy was done with McCarroll's consent, but only that McCarroll submitted after threats of great bodily harm. The court's charge fully submitted the question of McCarroll's being an ac-

complice and instructed the jury to acquit if they found him to be one. This we conclude was a more correct statement of the law than appellant's requested charge.

Appellant urges, in his third point of error, that the court erred in not sustaining his objection to a portion of the argument. Defense counsel argued as follows:

"Now he's got thirteen witnesses here. Why didn't one of them get up here and corroborate this boy's story? Not a single one."

Following this, counsel for the state argued as below:

"That I intend to try every one of those wolves over there—that's what they were —who would prey on an 18-year-old kid, locked up. * * * If you don't believe that kid and you turn this boy loose under the evidence in this case, you're going to give laxence (sic) over there in that jail, you are going to put an impossible burden on your District Attorney, on humanity. * * *"

 The use of the term "wolves" was justified under the evidence in this case, which showed that McCarroll had been the victim of sodomy attacks by several other prisoners in the jail, and that these attacks were preceded by threats. Although the use of a slang term which also refers to animals is not to be commended, its use here does not constitute reversible error. Lott v. State, 164 Tex.Cr.R. 395, 299 S.W. 2d 145; Gauntt v. State, 169 Tex.Cr.R. 520, 335 S.W.2d 616. The latter portion of this part of the argument was a legitimate plea for law enforcement, Threadgill v. State, 156 Tex.Cr.R. 157, 239 S.W.2d 813, 816; Jenkins v. State, Tex.Cr.App., 367 S.W.2d 343. Furthermore, all of the quoted argument was in answer to the argument made by defense counsel, in which he referred to the other men who had sexually attacked McCarroll on the night in question, along with appellant, Parker v. State, Tex.Cr. App., 455 S.W.2d 227. We perceive no reversible error.

Appellant's final contention is that the jury should not have been permitted to separate prior to the court's charge, because during the trial there appeared several newspaper articles and television reports concerning an investigation into the safety of the Bexar County Jail which was then in progress. The court properly instructed the jury not to read, watch, or listen to any accounts about this case, and it is not shown that any juror violated that instruction. Furthermore, appellant's counsel testified that he knew of no publicity occurring during the trial which concerned appellant's case. There was no showing that appellant was injured by the publicity, or that prejudice resulting from the publicity found its way into the jury box, McCarley v. State, 161 Tex.Cr.R. 263, 276 S. W.2d 300. Furthermore, there is no evidence, after a hearing on the issue, that any juror actually saw or heard the reports, or that he discussed them with other jurors. Therefore, this point is overruled.

Finding no reversible error, the judgment is affirmed.