Joe Herman **RODGERS**, Appellant,

v.

The STATE of Texas, Appellee.

No. 44051.

Court of Criminal Appeals of Texas.

July 14, 1971.

Anderson & Atwood, by John B. Atwood, III, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett

and Jim Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, ninety-nine (99) years.

Only two grounds of error are presented.

■ By his first, if properly before us, appellant complains of argument of the prosecutor wherein he said that since the three identifying witnesses and the appellant were all "persons of the colored race" that such witnesses could identify the appellant more easily than could a witness of "the white or some other racial background," and further that these witnesses saw "hundreds of colored people every day." The Court sustained the objection to the last quoted language, and appellant did not move for a mistrial. Appellant cites those cases where the prosecutor injected some new, independent, and harmful fact into the record; such as, Cole v. State, 171 Tex.Cr.R. 255, 347 S.W.2d 719. We do not construe the argument which remained after the Court's action on the objection as more than a reasonable deduction from the evidence. Cf. Beshears v. State, Tex.Cr. App., 461 S.W.2d 122; Oliva v. State, Tex. Cr.App., 459 S.W.2d 824; Devereaux v. State, (No. 43,953, June 29, 1971).

■ His second ground of error is that the State was permitted to prove that the appellant had, on the afternoon of the day after the date of the robbery charged in the indictment, committed another disconnected robbery. Such proof was made only after the appellant had introduced evidence that he was at another and different place during the time both offenses occurred. Such evidence was proper to refute the testimony of the alibi witnesses. Owens v. State, Tex.Cr.App., 450 S.W.2d 324. This Court in Genzel v. State, Tex.Cr.App.,

415 S.W.2d 919, had the same question presented, and there we said:

"The testimony was admissible on the question of appellant's identity as the person who committed the robbery for which he was on trial."

Finding no reversible errors, the judgment is affirmed.