Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

**Herbert Gene NICHOLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44438.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of felony theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

The record reflects a purse was grabbed from Nancy Plasencio, while she was at a service station, in Dallas, on the morning of August 17, 1968; that the man who took the purse fled on foot with Mrs. Plasencio in pursuit; that lipstick, nail polish, and mascara belonging to the victim were dropped from the purse during flight and same were recovered and identified by her; that police officers joined in pursuit, chas-

ing the fleeing man into a house, where the officers entered and removed appellant from a closet therein.

The victim positively identified appellant and testified that there were a diamond ring and One Hundred and Fifty Dollars in the purse. Officer Peal recovered a purse which he testified appellant threw down during flight, and Mrs. Plasencio identified it as being the one taken from her at the time in question. She further testified that the items alleged to have been taken from her in the indictment, "one (1) billfold, one (1) ring, and one hundred and fify dollars * * *", were in her purse at the time appellant took it from her possession, and they were never recovered.

■ Appellant contends that the state's counsel, in his argument to the jury, made an unsworn statement of a material fact adverse to the appellant that was not based on the evidence. The record reflects the following transpired during the closing argument of counsel for the state:

"I think it is reasonable to assume she was chasing him because there was something of value in that purse that she valued very greatly, the ring and the money. You saw her, she is no. fullback for the Dallas Cowboys, she is not going to be out there chasing down a man like that that attacked her, tore her purse from her arm if she didn't have something drained valuable in the purse that she wanted. Now, Mr. Law says, 'Well, what could he have done with it?' Now, you will recall he threw down the purse, according to the testimony. Do you think he would have done that if he hadn't gotten out of the purse what appeared to be the most valuable thing in it, the billfold? Now, when he got to the house, the officers went in right behind him and he was hiding in a closet. Now, if he had gotten rid of everything that he had taken, why would he be hiding in a closet? Now, they told you they went back out there later, she told you that, and a woman there showed them the pants that he had over his shoulder. *It is pretty reasonble to assume that she wasn't going to show them that billfold.*

MR. LAW (Appellant's Counsel): Judge, I am going to object to this. This is strictly out of the record and certainly counsel's opinion.

THE COURT: Overrule your objection.

MR. LAW: Note our exception.

THE COURT: You may have it.

MR. BARKLOW (State's Counsel): *It is reasonable to assume the person there in the house isn't going to turn over a diamond ring and $150.00."*

The argument italicized is the portion that appellant contends is tantamount to unsworn testimony.

Appellant had argued to the jury:

"Now, I'm going to tell you right now that I don't think that there was a $300.-00 diamond ring in the purse, I don't think there was $150.00 cash in the purse, and if there was a billfold in this purse, it was probably not there at this time."

Argument of state's counsel appears to be in response to appellant's argument that the stolen items did not exist. Further, the argument is not an unwarranted conclusion for state's counsel to draw from the evidence. Gates v. State, 162 Cr.R. 327, 285 S.W.2d 728; Gauntt v. State, 169 Tex.Cr. R. 520, 335 S.W.2d 616; Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523; Oliva v. State, Tex.Cr.App., 459 S.W.2d 824; Rodgers v. State, Tex.Cr.App., 468 S.W.2d 852. We perceive no error.

■ Appellant's only other complaint is "Your appellant would show this Honorable Court that the Court erred in admitting testimony of James Cron regarding fingerprint comparisons of appellant."

This ground of error is not briefed, does not assign any reason why the court was

in error in admitting the testimony and is not set forth in such a way that the point of objection can be clearly identified and understood by the court. Error has not been properly assigned as required by Article 40.09, Sec. 9, V.A.C.C.P.; Smith v. State, Tex.Cr.App., 473 S.W.2d 216 (1971); McElroy v. State, Tex.Cr.App., 455 S.W.2d 223; Erwin v. State, 463 S. W.2d 13; Frey v. State, Tex.Cr.App., 466 S.W.2d 576. Nothing is presented for review.

The judgment is affirmed.

Opinion approved by the Court.