**Leroy BISHOFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49516.

Court of Criminal Appeals of Texas.

Jan. 14, 1976.

E. Gerald Sutton, Killeen, for appellant.

Joe Carroll, Dist. Atty., Al W. Schorre, Jr., Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our opinion on original submission is withdrawn and the following is submitted in lieu thereof.

After a plea of not guilty, the appellant was convicted of sodomy in a bench trial. The punishment was assessed by the court at sixty (60) days in the county jail and at a fine of $1,000.00. The appellant was then placed on probation and this appeal followed.

Appellant complains the evidence is insufficient to sustain the conviction, and that having elected to be punished under the new Penal Code, the court erroneously used V.T.C.A. Penal Code, Sec. 21.07 (a Class A misdemeanor) as the basis of punishment rather than V.T.C.A. Penal Code, Sec. 21.06 (a Class C misdemeanor) as it should have.

The record reflects that the offense of sodomy occurred on May 14, 1973, and the indictment was returned during the June term of the grand jury for the 27th District Court of Bell County. The trial commenced on May 14, 1974, after the effective date of the new Penal Code.

Killeen police officer Jack Dove, Jr., opened the door to the "drunk tank" of the city jail about 4 a.m. on May 14, 1973. He observed the appellant Bishoff lying on top of a younger man, Mark Clark. Both men had their pants down around their feet, and the appellant was "moving his bottom up and down in sort of a pumping motion." As Dove sought to separate the two men, appellant Bishoff stood up. His penis was erect, and Dove saw the penis separate from the buttocks of Clark. Dove testified he observed what he believed to be sperm and fecal matter on appellant's penis. He also observed that Clark's anus was red and inflamed.

Testifying in his own behalf, appellant testified he had been placed in the "drunk tank" with other prisoners. He related that he was dreaming he was with a woman and they were "making love." He dreamed they were in bed unclothed. He somehow began to realize that the person in his arms was a man, but didn't recall anything more until the police officer entered the "drunk tank."

■ We conclude the evidence is sufficient to support the conviction of sodomy under the provisions of Article 524, Vernon's Ann.P.C., 1925, as charged in the indictment. See *Shipp v. State*, 342 S.W.2d 756 (Tex.Cr.App.1961); *Bue v. State*, 368 S.W.2d 774 (Tex.Cr.App.1963).

■ Next, appellant contends he "was sentenced for the wrong offense, which had a greater punishment authorized." It appears to be appellant's contention that though he was indicted for the old Code offense of sodomy his election to be punished under the new Penal Code (see Sec. 6(c) of the Saving Provisions of such new Code) prevented the court from punishing him for any offense under the new Code unless the elements of that offense had been included in the allegations of the indictment drafted under the former Code. He contends that after his election the trial court erred in punishing him for a Class A misdemeanor under the provisions of V.T.C.A. Penal Code, Sec. 21.07 (public lewdness) (Class A misdemeanor)[1] rather than under V.T.C.A. Penal Code, Sec. 21.06 (homosexual conduct) (Class C misdemeanor).[2] He urges that in order to try him for public

1. V.T.C.A. Penal Code, Sec. 21.07, sets forth the offense of "Public Lewdness" as follows:

"(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:

"(1) an act of sexual intercourse;

"(2) an act of deviate sexual intercourse;

"(3) an act of sexual conduct;

"(4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl.

"(b) An offense under this section is a Class A misdemeanor."

2. V.T.C.A. Penal Code, Sec. 21.06, sets forth the offense of "Homosexual Conduct" as follows:

"(a) A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex.

"(b) An offense under this section is a Class C misdemeanor."

348

lewdness he "should have been indicted again in order to appraise him of the specific act and crime he was charged with and tried again." We cannot agree.

Sec. 6(a) of the Saving Clause of the new Penal Code provides in part that " . . . a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force. . . ."

■ The appellant was indicted for the former Penal Code offense of sodomy. This was the offense for which he was tried after the effective date of the new Penal Code, and this was the offense for which he was convicted at the guilt stage of the trial. Appellant remains convicted of the former Code offense despite his written election to be punished under the new Penal Code. *Jefferson v. State*, 519 S.W.2d 649 (Tex.Cr. App.1975); *Wright v. State*, 527 S.W.2d 859 (Tex.Cr.App.1975). Cf. *Pesch v. State*, 524 S.W.2d 299 (Tex.Cr.App.1975); *McCarter v. State*, 527 S.W.2d 296 (Tex.Cr.App.1975).

■ It clearly was not the intent of the Legislature by virtue of the Saving Provisions of the new Penal Code to give an accused in a criminal case the right in some cases to wait until the penalty stage of a bifurcated trial and cast additional problems of pleadings upon the prosecution by election to be punished under the new Penal Code for an old Code offense. *Wright v. State*, supra. And the accused cannot under such circumstances claim that certain otherwise applicable penalty provisions are inapplicable as punishment because the indictment, properly drafted under the old Code, did not also contain certain allegations now required under the new Code. *Wright v. State*, supra. And the Legislature did not intend that the right to elect to be punished under the new Penal Code be limited only to situations where the old Code offense was carried forward into the new Code without any change whatsoever. *Wright v. State*, supra. If several sections

of the new Penal Code cover the type of offense or "conduct" under the old Penal Code for which the defendant is convicted, then the applicable section of the new Code must be determined from the proof if written election to be punished has been made by the defendant. *Wright v. State*, supra. *Ambers v. State*, 527 S.W.2d 855 (Tex.Cr. App.1975). However, after proof showing guilt of the old Code offense, the State is not placed under the necessity to offer additional proof of some offense or "conduct" under the new Code which may require in and of itself proof of additional elements. *Wright v. State*, supra.

It is clear from what has been said that appellant's contention that he should have been re-indicted under V.T.C.A. Penal Code, Sec. 21.07, or the court limited in punishment to a Class C misdemeanor under V.T. C.A. Penal Code, Sec. 21.06, is without merit. He was convicted of the old Code offense of sodomy, and his election for punishment under the new Penal Code only made it necessary for the trial judge to determine from the proof which of the applicable sections of the new Code to apply. Both Secs. 21.06 (homosexual conduct) and 21.07 (public lewdness) replaced the old sodomy statute. Since the proof showed that the act of deviate sexual intercourse took place in a public place, the court did not err in assessing punishment as a Class A misdemeanor under the provisions of said Sec. 21.07. See *Ambers v. State*, supra.

The judgment is affirmed.

ODOM, Judge (concurring).

I concur in the affirmance of this case but must take exception to the dictum wherein the majority state, "after proof showing guilt of the old Code offense, the State is not placed under the necessity to offer additional proof of some offense or 'conduct' under the new Code which may require in and of itself proof of additional elements." See *Wright v. State*, 527 S.W.2d 859, 873 (opinion by Judge Odom, concurring in part and dissenting in part,

part VIII); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508.

In this case the State did prove the additional elements required for showing acts in violation of V.T.C.A. Penal Code Sec. 21.07 (public lewdness) authorizing the trial court to assess punishment under that provision. The dictum of the majority, however, would appear to preclude reversal even if (1) the facts showed no more than a consensual private act in violation of V.A.P.C. Art. 524 (sodomy) and V.T.C.A. Penal Code Sec. 21.-06 (homosexual conduct, class C misdemeanor, maximum punishment: $200 fine), and (2) the court, after a defendant's election to be punished under the new Code, upon those facts assessed punishment at life imprisonment for aggravated sexual abuse under V.T.C.A. Penal Code, Sec. 21.05.

I state that the majority's dictum would *appear* to preclude reversal even in the hypothetical situation because the dictum may be contradicted by the majority's additional statement, "If several sections of the new Penal Code cover the type of offense or 'conduct' under the old Penal Code for which the defendant is convicted, then the applicable section of the new Code must be determined from the proof if written election to be punished [under the new Penal Code] has been made by the defendant." The majority opinion first states the applicable punishment range "must be determined from the proof" and then states "the State is not placed under the necessity to offer additional proof." Does the majority mean the defendant must prove that only the lesser range is appropriate? Such a procedural rule is precisely what was held unconstitutional in *Mullaney v. Wilbur*, supra.

The majority's position is, at best, unclear.

I concur in the results only.