**Ruben Lambert SANTELLANO,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55878.**

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

None on appeal, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was indicted by a Harris County grand jury for attempted burglary in violation of Art. 1402, Vernon's Ann.P.C. (1925). The indictment alleged that the offense was committed on or about June 2, 1973. On September 21, 1976, appellant waived trial by jury and entered a plea of guilty before the court. Appellant was convicted and punishment was assessed at imprisonment for five (5) years.

The record is before us without a transcription of the court reporter's notes and no brief has been filed in appellant's behalf. Although there is no affidavit of indigency in the record, it does contain appellant's pro se motion for appointment of counsel on appeal. In this motion, appellant stated that he was indigent and could not afford to retain counsel to represent him on appeal. It does not appear that this motion was ever called to the attention of the trial court for appropriate action. Under these circumstances we would ordinarily abate the appeal; however, the record on its face shows error which requires reversal.

The indictment, which was presented and filed June 19, 1973, charges appellant with the offense of attempted burglary of a house, alleged to have been committed June 2, 1973. See Art. 1402, V.A.P.C. The maximum punishment authorized for that offense was four years.[1] The judgment and

---

1. The record does not contain any request by appellant to be punished under the provisions of the new Penal Code. (See Sec. 6(c) of the Savings Provisions of the new Code.) See *Bishoff v. State,* Tex.Cr.App., 531 S.W.2d 346.

sentence both recite that appellant was convicted of attempted burglary of a habitation, with punishment being assessed at *five* years. See V.T.C.A. Penal Code, Sections 31.02 and 15.01, effective January 1, 1974. The indictment will not support a conviction for the offense of attempted burglary of a habitation under Sections 31.02 and 15.01 of the new Code.

Since appellant was convicted for an offense not alleged in the indictment, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.